Gary P. NEWBERRY *v.* STATE of Arkansas

CR 77-23                                              551 S.W. 2d 199

Opinion delivered May 23, 1977
(In Banc)'
[Rehearing denied June 27, 1977.]

*Lohnes T. Tiner,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Terry R. Kirkpatrick,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Charged with possession of marihuana, Newberry was first convicted in municipal court and sentenced to six months in jail and a $500 fine. The municipal judge suspended five months and nine days of the jail sentence and half of the fine. Newberry appealed to the

circuit court, where he was again convicted and sentenced to six months in jail and a $250 fine, without any suspension. He asserts three points for reversal.

First, the State's testimony is amply sufficient to support the verdict. An officer testified that he saw Newberry take something from the trunk of a car, unlock the car, and get in, with two girls. When the officer approached the car he saw next to Newberry a package that proved to be marihuana. Newberry, upon being placed under arrest, spontaneously said, "Oh, hey man, that's my marihuana; keep the girls out of it." Despite the contradicting testimony for the defense, the jury had a sufficient basis for its verdict.

Second, at the beginning of the circuit court trial the defense asked that it be permitted to withdraw the appeal and let the municipal court judgment be affirmed. The circuit judge denied the request, explaining that a pretrial date had been set and that counsel had been notified that all pretrial motions should be lodged on that date. At the pretrial conference the defense entered a plea of not guilty and announced that the cause was ready for trial.

The court did not abuse its discretion in denying the motion to dismiss the appeal. When an appeal takes a case to a purely appellate court, for a review of the judgment of a trial court, the appellant has a right to dismiss the appeal and submit to the judgment, if there is no prejudice to the appellee. *Bush v. Barksdale*, 122 Ark. 262, 183 S.W. 171, L.R.A. 1917A, 111 (1916). But when the appeal is to an intermediate court for a trial de novo, the prosecution is as much a party to the transaction as it was in the court below. The intermediate court, and not the accused, is then vested with the power of dismissal. *State v. Collins*, 195 Kan. 695 (1966); *Dressman v. Commonwealth*, 204 Ky. 668, 265 S.W. 2 (1924); *Seay v. Commonwealth*, 155 Va. 1087, 156 S.E. 574 (1931). The court might, for example, find the original sentence to be inappropriate or think a trial to be a necessary step toward discouraging dilatory appeals. In the case at bar we perceive no basis for saying that the circuit judge abused his discretion in the matter.

Third, as the witnesses were being sworn the court asked

defense counsel if he wished to have his client sworn at that particular time. Counsel, without responding directly, said that he had a motion to make. Later on, outside the presence of the jury, counsel moved for a mistrial, on the ground that the court's inquiry unduly emphasized the accused's right to testify or not to testify.

The court was right in refusing to grant a mistrial. Counsel relies upon *Munn* v. *State*, 257 Ark. 1057, 521 S.W. 2d 535 (1975), but the cases are significantly different. There the trial judge, in reply to counsel's statement that the accused had a right to be sworn at a later time, remarked: "Sure. Sure. He doesn't have to take the stand at all if he doesn't want to." That positive assertion erroneously brought to the jury's attention the defendant's right to testify or to remain silent. Here, by contrast, the court's routine inquiry was not an affirmative assertion of fact. Even if we should take the view that the inquiry should not have been made, the error was certainly harmless.

Affirmed.