William Claude HUNTER v. STATE of Arkansas

CR 83-102                                    657 S.W.2d 543

Supreme Court of Arkansas
Opinion delivered September 26, 1983

*Joel W. Price,* for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Deputy Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. The appellant was convicted on a charge of burglary and found to be an habitual offender. He was sentenced to a term of 25 years in the Arkansas Department of Correction. He argues three grounds for reversal on appeal: 1) the court erred in admitting defendant's written confession into evidence; 2) the court erred in refusing to grant a mistrial; and, 3) the court erred in utilizing the procedure mandated by Ark. Stat. Ann. § 41-1005 (Supp. 1983). We fail to find any prejudicial error and affirm the conviction.

Sometime during appellant's confinement he gave a statement to a detective. The statement given was a confession of guilt of the crime charged in this case. Evidence was presented which revealed that the detective told the appellant that it would be to his benefit if he gave the statement. However, the officer stated that before taking the statement he received permission from appellant's attorney and from appellant himself. It was argued at the Denno hearing that the detective spoke to the appellant not only as a policeman, but as a friend and neighbor.

At the trial's commencement the court instructed the state and the defendant to list any witnesses who might be called to testify. The request by the court for the names of witnesses was in the presence of the jury. The appellant moved for a mistrial. His argument was that the request by the court was a violation of his state and federal constitutional rights. The court not only denied the motion for mistrial but refused to give a requested cautionary instruction. The court, in chambers, also heard evidence and determined that appellant had three prior convictions. The jury was so instructed.

Appellant's first argument for reversal is that the trial court erred in refusing to suppress appellant's confession. The argument is based on the theory that the detective, a

friend and neighbor to appellant, led the appellant to believe that a confession would be beneficial to him. The argument on appeal is primarily that appellant's former attorney gave appellant ill advice when he instructed him to give the statement. Appellant had been in jail several days and had refused to give a statement. He had received the Miranda warning on two previous occasions. We do not find that the trial court's ruling was clearly erroneous. *Harvey* v. *State*, 272 Ark. 19, 611 S.W.2d 762 (1981).

The second argument concerns the court's remarks in asking the appellant to list his possible witnesses. When the court asked for the names of appellant's witnesses an objection and request for a mistrial were made. The argument is that such comment might well have implied that the burden of proof was shifted to the appellant and further that such comment infringed on appellant's right to remain silent. The jury was subsequently instructed that the defendant had an absolute constitutional right not to testify. This instruction was given at the request of appellant's attorney. We think the present situation is analogous to the case of *Newberry* v. *State*, 261 Ark. 648, 551 S.W.2d 199 (1977). In *Newberry* the trial court asked defense counsel if he wished to have his client sworn at the time other witnesses were administered the oath. A motion was made for mistrial and refused by the court. On appeal we held that even if such procedure were error it was harmless. We adhere to the same principle in the present case.

Appellant's final argument is that Act 252 of 1981, Ark. Stat. Ann. § 41-1005 (3), is unconstitutional. After an in camera hearing the trial court determined, and subsequently instructed the jury, that appellant had three prior felony convictions. This act changed the former statute on the procedure in handling habitual criminal charges. Formerly the jury made the determination of how many prior convictions an accused had. We do not find in the abstract of the record that the constitutionality of this statute was presented to the trial court. *Robinson* v. *State*, 278 Ark. 516, 648 S.W.2d 444 (1983); *Crafton* v. *State*, 274 Ark. 319, 624 S.W.2d 440 (1981).

Appellant also argues under this point that the sentences relied upon by the trial court were not prior convictions. His argument seems to be an attack on the method of sentencing and that the convictions were had without effective assistance of counsel. We have reviewed the record and found that appellant was convicted in all three cases and the sentences have not been vacated. We find no merit in this argument.

Affirmed.