John W. CHAPPELL and Guy CHAPPELL *v.* STATE of Arkansas

CA CR 85-219 710 S.W.2d 214

Court of Appeals of Arkansas
Division II
Opinion delivered May 28, 1986

28

*Pruitt & Hodnett*, by: *Roger T. Jeremiah*, for appellant.

*Steve Clark*, Att'y Gen., by: *Mary Beth Sudduth*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Chief Judge. John W. Chappell and Guy Chappell appeal from their convictions of sexual abuse in the first degree. By this appeal they advance several points of error which we address separately. We find no merit in any of the arguments made by the appellants and affirm the judgment of the trial court.

Pursuant to Ark. Stat. Ann. § 41-1803(c) (Repl. 1977) the appellants were charged with the crime of rape by engaging in deviate sexual activity with a female under the age of eleven years. The appellant John Chappell was the father of the victim and appellant Guy Chappell her uncle. The victim's mother, Wanda Chappell, was originally named in the information as a co-defendant, but charges against her were dismissed prior to trial. The appellants were tried by a jury and found guilty of the lesser included offense of sexual abuse in the first degree. Guy Chappell was sentenced to four years and John Chappell was sentenced to six years, to be served in the Arkansas Department of Correction. As applicable, our statute defines "sexual abuse in the first degree" as engaging in acts of sexual gratification involving the touching of the sex organs, anus, or breasts of a

female under the age of fourteen by a person over the age of eighteen. Ark. Stat. Ann. § 41-1808(c) and § 41-1801(8) (Repl. 1977).

Appellants first contend that the trial court erred in permitting the victim to testify because she was not competent due to her tender years and inability to communicate effectively or to understand the nature of her oath. We do not agree.

Any person is competent to be a witness unless the contrary is shown. Unif. R. Evid. 601. The criteria for determining whether a witness is competent are: (1) the ability to understand the obligation of an oath; (2) an understanding of consequences of false swearing; (3) the ability to receive and retain accurate impressions; and (4) the capacity to transmit a reasonable statement of what has been seen, felt, or heard. *Chambers* v. *State*, 275 Ark. 177, 628 S.W.2d 306 (1982). The trial court has broad discretion in determining the competency of witnesses, particularly young ones, and, in eliciting testimony from such witnesses, some latitude in asking leading questions is permitted. *Hamblin* v. *State*, 268 Ark. 497, 597 S.W.2d 589 (1980).

At a hearing to determine the competency of the victim she was able to tell the court that she was seven years old and lived in a foster home with foster parents and siblings, all of whose names she correctly recalled. She correctly stated the date of her birth and that she was in the first grade at Baldam School, where her favorite subject was reading, and that her teacher was Ms. Hayward. She stated that it was "bad to tell a lie and good to tell the truth." She recognized the difference between the truth and a lie. She stated that she would get in trouble if she did not tell the truth, that she had "promised" to tell the truth when she "raised her hand in the court," and that she knew what a promise was. The trial court found her to be competent.

She then testified that on the date the crime was committed she went to church with her mother and father and that she wore a red dress and sandals. She stated that after lunch the appellant, John Chappell, "played nasty" with her by touching "my thing that I pee through" and later placed his finger in her "thing." She stated that the appellant, Guy Chappell, also "played nasty with her," and in so doing had torn her Smurf panties. He also placed

his finger in her "thing."

 The question of competency is a matter lying in the sound discretion of the trial court and, in the absence of clear abuse of discretion or manifest error, that exercise will not be disturbed on appeal. *Hall* v. *State*, 15 Ark. App. 309, 692 S.W.2d 769 (1985). Although the victim was hesitant and used child-like, but understandable, words, we cannot conclude from her testimony that she did not understand the nature of an oath, or the consequences of false swearing, or that she lacked the ability to receive or retain accurate impressions or transmit them to the factfinder. The mere fact that she did not answer some questions put to her, and gave some inconsistent responses, does not mean that she was not a competent witness. Mere inconsistencies or hesitation in testimony may affect credibility but not the competency of a witness.

 Appellants next contend that even if the victim was competent, the court erred in permitting her to testify by videotaped deposition rather than in person. Ark. Stat. Ann. § 43-2036 (Supp. 1983) authorizes the use of videotaped depositions in cases of sex offenses against minors, providing as follows:

> In any prosecution for a sexual offense or criminal attempt to commit a sexual offense against a minor, upon motion of the prosecuting attorney and after notice to the opposing counsel, the court may, for a good cause shown, order the taking of a videotaped deposition of any alleged victim under the age of seventeen (17) years. The videotaped deposition shall be taken before the judge in chambers in the presence of the prosecuting attorney, the defendant and his attorneys. Examination and cross-examination of the alleged victim shall proceed at the taking of the videotaped deposition in the same manner as permitted at trial under the provisions of the Arkansas Uniform Rules of Evidence. Any videotaped deposition taken under the provisions of this Act [§§ 43-2035—43-2037] shall be admissible at trial and received into evidence in lieu of the direct testimony of the victim. However, neither the presentation nor the preparation of such videotaped deposition shall preclude the prosecutor's calling the minor victim to testify at trial if that is necessary to

serve the interests of justice.

The record reflects that the prosecuting attorney filed a timely motion for an order authorizing the admission of videotaped deposition of the victim. After notice to opposing counsel, the court held a hearing at which the State submitted evidence of a caseworker for Arkansas Social Services who stated that she had worked with the victim for over seven months and had seen her at least once a week during that period. She stated that the seven-year-old victim was frightened about the prospect of testifying in a crowded courtroom, exhibited signs of anger and depression, and had become a bed-wetter out of fear of being required to testify. She stated that because of the child's intense emotional problems it would be harmful to her if she was required to testify in the courtroom. The court found that good cause had been shown and ordered the deposition taken and admitted it into evidence.

The appellants argue that the deposition should not have been admitted because the statute under which it was taken is constitutionally infirm. They argue that the statute violates substantive due process because the age limitation is arbitrary; discriminates against defendants charged with sexual offenses; denies the right to trial by a jury and deprives the jury of the right to judge the victim's credibility; denies an accused the right to confront his accuser; denies an accused the right to compel the attendance of witnesses; and that it is impermissibly vague in defining "good cause shown." After the appellants' brief was filed, the Arkansas Supreme Court announced its decision in *McGuire* v. *State*, 288 Ark. 388, 706 S.W.2d 360 (1986). As all of the arguments advanced by the appellant were rejected by the court in *McGuire*, no useful purpose could be served by restating in detail those arguments or the reasons for their rejection. It suffices to say that *McGuire* holds that the State has a legitimate interest in the general welfare of minor victims of sex crimes and their protection against further trauma in relating the incident in a crowded courtroom. *McGuire* further holds that our statute applies the least restrictive means of carrying out that interest and adequately protects basic constitutional rights of the accused.

The appellants further argue that the caseworker's

testimony should not have been accepted by the court as establishing good cause sufficient to allow a videotaped deposition because she had received no specialized training in dealing with victims of sexual abuse and had no contact with this victim prior to the crime. The statute does not require the State to submit its showing of good cause by expert testimony. In *McGuire*, the supreme court approved such a finding based on the testimony of the victim's grandparents, which indicated that the child could be seriously harmed if forced to appear in a crowded courtroom. The court there said that there are many factors which can and should be considered in determining what constitutes good cause, including the circumstances surrounding the events, the child's age, and potential harm likely to result.

The appellants additionally argue that the trial court erred in suppressing a subpoena served on the victim, advancing several constitutional guarantees which they contend the action of the trial court violated. We conclude that these arguments were amply answered in *McGuire v. State, supra,* which held that the right of confrontation and cross-examination were satisfied at the time the deposition was taken. Nor can we agree with appellants' argument that the provision in our statute which permits the prosecutor to call the minor victim to testify even though the victim's testimony has been videotaped is discriminatory. The advantage to the State, if any, resulting from that provision is rationally related to the State's interest in protecting young witnesses to the extent that the ends of justice will permit, and its exercise is conditioned upon a showing of necessity to serve the interest of justice. We find not error or abuse of discretion in admitting the videotaped deposition.

The appellants further argue that the trial court erred in allowing the statements of the victim to be introduced through the testimony of a third person. After the victim reported the incidents to her school teacher, Detective Fran Hall of the Juvenile Division of the Fort Smith Police Department came to the school and interviewed the victim. Over appellants' hearsay objection, Detective Hall testified at trial that the child related that the appellants had sexually molested her and graphically told the officer the manner in which the events occurred:

She [the victim] stated that both John and her Uncle Guy

had touched her down on her pussy and also made her touch their ding-a-ling and that they got on top of her and tried to put their ding-a-ling in her pussy. I had with me anatomically-correct dolls and I brought them out and asked her to tell me what happened and, with the use of the dolls, [the victim] showed me.

Detective Hall further stated that the victim related to her that the appellant Guy Chappell, in making sexual contact with her, had torn her panties and that both appellants had inserted a finger in her vagina.

Unif. R. Evid. 803(25)(A) declares that a state-ment of a child under ten years of age concerning sexual offenses is not excluded by the hearsay rule, even though the declarant is available as a witness, provided the court finds, in a hearing conducted outside the hearing of the jury, that the statement offered possesses a reasonable likelihood of trustworthiness using criteria listed therein, including the age and maturity of the child, the time context and circumstances surrounding the giving of the statement, the relationship of the child to both the offender and the person offering the statement, the reliability of the assertion and credibility of the child witness, and any other corroborative evidence or factors which the court deems relevant and appropri-ate. It provides that, if the statement is admitted, the trial court shall instruct the jury that it is to determine the weight and credit to be given the statement and that in making that determination it should consider similar factors.

Prior to the testimony of the officer, an in-camera hearing was held. After hearing the testimony the court stated:

The court has gone down through this list of criteria and finds that most, if not all, are met. Therefore Ms. Hall will be permitted to testify about her conversations with this child.

I think the age of the child, the maturity of the child, the type of statement, the content of the statement, the circumstances surrounding the giving of the statement, the nature of the offenses involved and the duration of the offenses involved, the relationship of the child to the defendants, the reliability of assertion, the reliability and

credibility of the child witness before — what I've seen on the videotape, when we took it in the relationship or status of the child to the one offering the statement, and all the evidence here reflects that this should be given to the jury and I will instruct the jury on what weight and credit to give to the statement.

Before Detective Hall's testimony was given, the court instructed the jury that they were to decide what actually happened at the time of the offense and what was said at the conference with Detective Hall. They were instructed that it was for them to determine the weight and credit to be given any statement that the victim gave to Detective Hall, and, in making that determination, they should consider the age and maturity of the child, the nature of the statement, the circumstances under which the statement was made, and any other relevant factors that it felt might bear on the weight and credibility of the evidence. The conduct of trial and admission of evidence are matters within the discretion of the trial judge and his rulings will not be set aside absent an abuse of that discretion. *Roleson* v. *State*, 277 Ark. 148, 640 S.W.2d 113 (1982).

Nor can we find merit in the argument that the testimony of the police officer was merely cumulative to the videotape of the victim's testimony and was more prejudicial than relevant. The mere fact that evidence is cumulative may be grounds for a discretionary exclusion, but hardly forms a basis for holding that its admission, which is otherwise proper, constitutes an abuse of that discretion.

Appellants next argue that the trial court erred in denying appellants' motions to suppress verbal pretrial statements made to police and in denying appellants' motions to sever. At the time of their arrests, both defendants were given their *Miranda* rights and both made statements to the officers. The arresting officer, Chris Boyd, testified that Guy Chappell stated to him that they ought to "talk to Wanda's brother [Nelus Goodson], he's as much to blame as the rest of us." In his statement to the police, appellant John Chappell also claimed that he suspected Goodson of having molested the victim. Officer Boyd also testified that John Chappell said several times that he would admit to the crime if he thought "they would go light" on him.

On the day of trial John Chappell filed a motion to sever defendants on the grounds that a trial with the co-defendant, Guy Chappell, would not be fair. The following reasons in support of the motion were given to the court:

COUNSEL: Judge, we would ask for a severance and would file a motion for it.

THE COURT: On what grounds?

COUNSEL: On the grounds that John Chappell could not get a fair trial on this. . . . I understand that Wanda Chappell will no longer be a defendant. Based on that fact we have filed a motion to this effect asking that the trial be severed.

The motion was denied.

Appellants contend that each of their statements was an incriminating one that aided in convicting the other and that severance of their trials was necessary. They argue that regardless of the voluntariness of each statement in a separate trial of one defendant, the statements became inadmissible when the court denied severance and they were tried jointly. Our review of the record discloses that the sole basis for the motion to suppress the pretrial statements was that the statements were involuntary. No other reason for suppression was ever presented to the trial court. Appellant Guy Chappell did not join in the motion to sever and appellant John Chappell's motion was based on an entirely different ground than that now argued. The issue will not be considered for the first time on appeal. *Spillers* v. *State*, 268 Ark. 217, 595 S.W.2d 650 (1980). It is additionally noted that there was nothing in the statement of either appellant that tended to incriminate the other. One appellant denied involvement and merely offered to make a damaging admission if it would result in leniency. The other tacitly admitted only his own involvement and both sought to implicate a third party in the commission of the crime.

Under our rules the trial court has some discretion in determining whether to grant a severance of defendants and its ruling will not be disturbed unless that discretion has been abused. *Clines* v. *State*, 280 Ark. 77, 656 S.W.2d 684 (1983). In

*McDaniel* v. *State*, 278 Ark. 631, 638, 648 S.W.2d 57, 60 (1983), the court stated:

> The issue of severance is to be determined on a case by case basis, considering the totality of the circumstances, with the following factors favoring severance: (1) where defenses are antagonistic; (2) where it is difficult to segregate the evidence; (3) where there is a lack of substantial evidence implicating one defendant except for the accusation of the other defendant; (4) where one defendant could have deprived the other of all peremptory challenges; (5) where if one defendant chooses to testify the other is compelled to do so; (6) where one defendant has no prior criminal record and the other has; (7) where circumstantial evidence against one defendant appears stronger than against another.

In the case under review, the appellants' defenses are not antagonistic. Neither accused the other of having participated in the crime. Each pointed an accusing finger at a third person. None of the other factors favoring severance are applicable to this case and there is nothing in the record which indicates that either appellant suffered a substantial injustice as the result of a joint trial. We find no merit in this contention.

In their final point for reversal, appellants argue that the trial court erred in denying their motion to dismiss and motion for directed verdict. The thrust of appellants' argument is that the testimony of the victim and statements made by the child to the police officer should not have been admitted into evidence over their objection, and that without that testimony there is no evidence to support a verdict of guilt. We have already discussed the admissibility of that evidence and need not repeat ourselves. We conclude that the evidence was competent and sufficient and that the trial court did not err in denying the motions to dismiss and for directed verdict.

Affirmed.

MAYFIELD and COOPER, JJ., agree.