Eugene B. CONLEY *v.* STATE of Arkansas

CA CR 86-145                                    723 S.W.2d 841

Court of Appeals of Arkansas
En Banc
Opinion delivered February 11, 1987

*William R. Simpson, Jr.*, Public Defender, and *Arthur L. Allen*, Deputy Public Defender, by: *Jerry J. Sallings*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Robert A. Ginnaven, III*, Asst. Att'y Gen., for appellee.

PER CURIAM. Eugene B. Conley was found guilty of rape for having engaged in deviate sexual activity with a person less than eleven years of age and was sentenced to the Department of Correction for a term of twelve years.

Pursuant to *Anders* v. *California*, 386 U.S. 738 (1967), and Rule 11(h) of the Rules of the Supreme Court and the Court of Appeals, appellant's counsel has filed a motion to withdraw on the ground that the appeal is without merit. The motion was accompanied by a brief referring to everything in the record that might arguably support an appeal, together with a list of objections made by the appellant and ruled on by the court, a record of all motions and requests made by the appellant and denied by the court, and a statement of the reason counsel considers each point raised as not arguably supporting the appeal. The clerk of this court furnished the appellant with a copy of his counsel's brief and notified the appellant of his right to file a pro se brief within thirty days. He did not file a brief. The State concurs

that the appellant's counsel has complied with Rule 11(h) and that the appeal has no merit. We agree.

The victim testified that she was eight years old and that the appellant, her father, picked her up at her grandmother's house on the evening of June 8 or 9, 1985. She stated that the appellant first went to a liquor store and then took her under a bridge where they spent the night. She stated that he first told her to take her clothes off and then started "messing with me." She stated that he "put his finger in my tee-tee" while indicating the vaginal area. She stated that he took off his pants and tried to "stick his noodle in my tee-tee." She stated that they spent the rest of the night under the bridge and he took her back to her grandmother's the following morning, and her grandmother immediately gave her a bath because she had gotten dirty under the bridge. The victim's grandmother testified that there were spots of blood on the victim's panties when they were removed and that the child was then taken to Children's Hospital for examination. Dr. Mark J. Lovell testified that he examined the victim and discovered "two, approximately half-centimeter, superficial mucosal lacerations on the side of the labia. . . . The area between her labia, the mucosa between her labia, was raw." Based on this testimony, the lower court found the appellant guilty of rape. From our examination of the record, we conclude that the finding was sustained by substantial evidence.

Two motions were made by the appellant during the trial which were denied by the trial court. During the questioning of the eight-year-old victim, the appellant moved to have the witness declared incompetent to testify. This motion was based upon her youth and questionable ability to understand the obligation to tell the truth. The trial court determined that she was competent and permitted her to testify. We find no error.

Any person is competent to be a witness unless the contrary is shown. A.R.E. Rule 601. The criteria for determining whether a witness is competent are 1) the ability to understand the obligation of an oath; 2) an understanding of the consequences of false swearing; 3) the ability to receive and retain accurate impressions; and 4) the capacity to transmit a reasonable statement of what has been seen, felt, or heard. *Jackson* v. *State*, 290 Ark. 375, 720 S.W.2d 282 (1986); *Chambers* v. *State*,

275 Ark. 177, 628 S.W.2d 306 (1982); *Chappell* v. *State*, 18 Ark. App. 26, 710 S.W.2d 214 (1986). The trial court has broad discretion in determining the competency of witnesses, particularly young ones, and, in eliciting testimony from such witnesses, some latitude in asking leading questions is permitted. *Chappell* v. *State, supra.* On the voir dire examination to determine the competency of the victim, she failed in many instances to verbally respond to questions, but did know that people were punished if they did not tell the truth, stated that she had promised to tell the truth when she raised her hand in court, and did promise to tell the truth at the trial. She understood that it was wrong to tell a lie and that she would be punished if she did not tell the truth.

The question of witness competency is a matter lying in the sound discretion of the trial court and, in the absence of clear abuse or manifest error, that exercise of discretion will not be disturbed on appeal. *Hall* v. *State*, 15 Ark. App. 309, 692 S.W.2d 769 (1985). Although this victim was hesitant on voir dire and used child-like words, we cannot conclude from her testimony that she did not understand the nature of the oath or the consequences of false swearing, or that she lacked the ability to receive, retain, or transmit accurate impressions to the factfinder. Mere inconsistencies or hesitation in testimony may affect the credibility of a witness, but not her competency. In a child-rape case, the matter of the competency of the child is primarily for the trial judge to decide, as he is better able than we to judge the child's intelligence and understanding of the necessity for telling the truth. It is the duty of the trial judge to evaluate the competency of a witness throughout her testimony and not to rely entirely upon preliminary questioning. *Jackson* v. *State, supra.* In this case, the child's testimony concerning events, times, places, persons, and relationships was a clear and correct recollection and was not disputed. We cannot conclude that the trial court abused its discretion in determining that she was a competent witness.

At the conclusion of the trial, the appellant moved that the court either dismiss the charge of rape or reduce it to the lesser included offense of sexual abuse in the first degree. Ark. Stat. Ann. § 41-1801(1)(b) (Supp. 1985) defines "deviate sexual activity" as the penetration, however slight, of the vagina or anus of one person by any body member or foreign instrument

manipulated by another person. Here, the witness clearly testified that the appellant had penetrated her vagina with his finger. There was corroborating evidence from the doctor that penetration had occurred, and from her grandmother that there was blood in the vaginal area of her underwear. The court could, and did, reasonably find that there had been penetration, and that finding is supported by substantial evidence.

■ "Sexual abuse in the first degree" is defined in Ark. Stat. Ann. § 41-1808 (Supp. 1985) as engaging in sexual contact with another person by forcible compulsion or with one incapable of consent. "Sexual contact," defined in Ark. Stat. Ann. § 41-1801(8) (Supp. 1985) as any act of sexual gratification involving the touching of the sex organs, buttocks, or anus of a person, or breast of a female, does not require penetration. Appellant never contended that he had not penetrated the child's vagina but rather that he was not guilty of any sexual offense. The reduction of a charge to a lesser included offense is not warranted unless there is some rational basis for doing so. Where the defendant denies that any act occurred, there can be no such rational basis. *See Flurry* v. *State*, 290 Ark. 417, 720 S.W.2d 699 (1986); *Doby* v. *State*, 290 Ark. 408, 720 S.W.2d 694 (1986). The testimony of the victim that there had been penetration was fully corroborated. There was no evidence that there had been sexual contact without penetration and therefore no rational basis for reducing the charge.

■ From our review of the record and the briefs presented to this court, we find that there has been full compliance with the requirements of Rule 11(h) of the Rules of the Supreme Court and Court of Appeals and that the appeal is without merit. Accordingly, counsel's motion to be relieved is granted and the judgment of conviction affirmed.

Affirmed.