Jimmy BARRETT *v*. STATE of Arkansas

CA CR 87-144                                    744 S.W.2d 741

Court of Appeals of Arkansas
Division II
Opinion delivered February 17, 1988

*Hankins & Childers,* for appellant.

*Steve Clark,* Att'y Gen., by: *Lee Taylor Franke,* Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from Clark County Circuit Court. Appellant, Jimmy Barrett, appeals from his conviction of rape and the sentence imposed therefor. We affirm.

On January 26, 1987, an information was filed charging appellant with rape by engaging in sexual intercourse or deviate sexual activity with a person who is less than eleven years old from April 1, 1986 through November 8, 1986, a violation of Arkansas Statutes Annotated § 41-1803(1)(c) (Repl. 1977).[1] On April 17, 1987, a jury found appellant guilty as charged and sentenced him to twenty-five years in the Arkansas Department of Correction. From the judgment and sentence comes this appeal.

For reversal, appellant argues that: (1) the trial court erred in swearing the witness Toby Markham before conducting an inquiry into the witness' competence to understand and appreciate his obligation to tell the truth; (2) the trial court erred in

---

[1] The statute was amended in 1985 to change the statutory age from eleven to fourteen. Although the information filed was technically incorrect, it does not affect its validity nor our decision. *See,* Ark. Stat. Ann. § 41-1803(1)(c) (Supp. 1985).

refusing to excuse the jury during defense counsel's voir dire of Toby Markham; and (3) the trial court erred in allowing the witness Toby Markham to testify. We address his points in order.

Appellant first argues that reversible error was committed in swearing a child witness prior to establishing his competence to understand and appreciate his obligation to tell the truth. Appellant essentially contends that swearing the child witness despite objection, "[left] the jury with the impression that the witness' competence was stamped with the judicial seal of approval" and thereby deprived him of a fair trial. We disagree.

The fallacy of appellant's argument is apparent. Because the competence of a witness is to be determined by the trial court and not the jury, A.R.E. Rule 104(a), all witnesses found competent to testify necessarily have their competence stamped with the "judicial seal of approval." Without such approval a challenged witness could not testify. Furthermore, we fail to see how administering the oath to the child as part of a group creates a stamp of approval since it would not prevent the court from later declaring the witness incompetent to testify.

The taking of the oath goes to a witness's competence and reflects only incidentally on credibility. Competence is a matter within the sound discretion of the court. *Jackson* v. *State*, 290 Ark. 375, 720 S.W.2d 282 (1986). Because the jury is not involved in determining competency of witnesses, any impression left on the jury with relation to competence is of no consequence. Appellant has failed to show how he was prejudiced by the giving of the oath prior to establishing competency and we will not reverse unless such prejudice affirmatively appears. *Berna* v. *State*, 282 Ark. 563, 670 S.W.2d 434 (1984), *cert. denied*, 470 U.S. 1085 (1985).

Next, appellant argues that the trial court erred in refusing to excuse the jury during defense counsel's voir dire of Toby Markham. While we recognize that a judge should grant counsel permission to voir dire a witness outside the presence of the jury unless the request is unreasonable, trial courts are granted a wide latitude of discretion in ruling on matters occurring during the trial and decisions of the trial courts will not be reversed in the absence of an abuse of discretion. *Lasley* v. *State*, 274 Ark. 352, 625 S.W.2d 466 (1981). Even if failing to

excuse the jury was error and an abuse of discretion, we do not reverse for nonprejudicial error. *Hughes* v. *State*, 17 Ark. App. 34, 702 S.W.2d 817 (1986).

A review of the record reflects that appellant's counsel was able to thoroughly question the child with regard to his ability to understand and appreciate his obligation to tell the truth. Appellant offers no explanation as to what other questions he might have posed in the jury's absence nor does he cite any authority for his position.

In the case at bar, not only does no prejudice affirmatively appear, but appellant may have benefitted by conducting the voir dire in the jury's presence. During voir dire, the witness contradicted himself as to how he knew he would be punished if he didn't tell the truth. He first responded that he was told that at Sunday School, then stated that Mr. Arnold, the prosecutor, told him. He also stated during voir dire that he had not talked to anyone about what he was going to say and had never told the story to anyone. These statements reflected adversely on his credibility. Although a witness's statements during voir dire are to be considered only with respect to his qualifications to testify, neither party requested a cautionary instruction to that effect. The jury was therefore free to use the child's statements during voir dire to evaluate his credibility. Although we can certainly envision cases where failure to excuse the jury would constitute reversible error, no such prejudice is shown in the case at bar.

██ Finally, appellant argues that the trial court erred in allowing the witness Toby Markham to testify. The trial court has broad discretion in determining the competency of young witnesses and exercise of that discretion will not be disturbed on appeal absent clear abuse or manifest error. *Chappell* v. *State*, 18 Ark. App. 26, 710 S.W.2d 214 (1986). A witness is competent if able to understand the obligation to tell the truth and the consequences of false swearing and is capable of receiving and retaining accurate impressions and communicating a reasonable statement of what has been seen, felt or heard. *Id.*

██ The record reveals that Toby Markham testified that he understood the difference between telling the truth and telling a lie and that he understood that it was wrong to tell a lie and that God would punish him if he told a lie. His testimony with regard

to the offense which was committed supports the conclusion that he was capable of receiving and retaining accurate impressions and that he could transmit those impressions effectively. We cannot say that the trial court erred in allowing Toby Markham to testify.

Affirmed.

CRACRAFT and MAYFIELD, JJ., agree.