Billy J. CHAMBERS, Appellant,

v.

A.L. LOCKHART, Director, Arkansas
Department of Correction, Appellee.

No. 88–2084.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 12, 1989.

Decided April 21, 1989.

Rehearing Denied May 19, 1989.

Robert J. Brown, Little Rock, Ark., for
appellant.

William F. Knight, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before WOLLMAN and BEAM,
Circuit Judges, and BRIGHT, Senior
Circuit Judge.

BEAM, Circuit Judge.

Billy J. Chambers appeals the denial of his application for a writ of habeas corpus by the district court.[1] We affirm.

I.  Background

In April of 1981, Billy Chambers was convicted in Arkansas state court of the rape, by deviate sexual activity, of a six-year-old girl.  His conviction was affirmed by the Arkansas Supreme Court, *Chambers v. State*, 275 Ark. 177, 628 S.W.2d 306 (1982), and his application for post-conviction relief was denied.  Chambers then filed a petition for a writ of habeas corpus

**1.** The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of  Arkansas.

in the district court. The court dismissed the petition.

## II. Discussion

### A. Adequacy of *Miranda* warnings

■ Following his arrest, Chambers was taken to the Pulaski County Sheriff's office where he gave a statement to a Pulaski County Deputy Prosecutor. Prior to giving the statement, Chambers was advised of his *Miranda* rights. In addition, he signed a form which provided as follows:

I have been advised that I am a suspect in a rape, and that I have the right to use the telephone, that I have the right to remain silent, that I have the right to talk with an attorney, either retained by me or appointed by the court, before giving a statement, and to have my attorney present when answering any questions. I have also been advised if I waive these rights I have the right to stop the interrogation at any time. Also, that any statement I give will be used in a court of law against me. I have read the above statement of my rights and I understand them. No promises or threats have been made to induce me into making this statement.

Chambers contends that this statement did not meet the standards set forth in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), because it did not advise him that a court-appointed attorney would be provided free of charge if he could not afford one. As a result, Chambers claims that the statement he gave police after signing the waiver should not have been admitted into evidence at trial.

In the statement which Chambers gave police, he admitted that the victim and her thirteen-year-old brother had spent the night with him; that they all played strip poker and took off their clothes; that they slept in the same bed; and that he allowed the brother to drink beer. Chambers denied that anything of a sexual nature occurred.

*Miranda* requires that prior to a custodial interrogation, a suspect must be in-

formed "that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." *Id.* at 479, 86 S.Ct. at 1630. However, the Court stated in *California v. Prysock*, 453 U.S. 355, 360, 101 S.Ct. 2806, 2810, 69 L.Ed.2d 696 (1981), that *Miranda* simply "announced procedural safeguards" and does not require that the warnings be given precisely as expressed in *Miranda*. Specifically, the Court stated that it "never indicated that the 'rigidity' of *Miranda* extends to the precise formulation of the warnings given a criminal defendant." *Id.* at 359, 101 S.Ct. at 2809 (citation omitted). The Court stressed that "no talismanic incantation was required to satisfy [the] strictures [of *Miranda*]." *Id.*

We find that the statement signed by Chambers adequately presents the warnings required by *Miranda*. A careful review of the form shows that each of the essential warnings is set forth. The only exception is that the form does not mention that an attorney will be appointed if the defendant cannot afford to hire one. This omission is not sufficient to find that the warnings were inadequate. Even assuming that the form does not meet the precise requirements of *Miranda*, it is "a fully effective equivalent" which the Court has stated is acceptable. *Miranda*, 384 U.S. at 476, 86 S.Ct. at 1629; *Prysock*, 453 U.S. at 360, 101 S.Ct. at 2810; *Rhode Island v. Innis*, 446 U.S. 291, 297, 100 S.Ct. 1682, 1687, 64 L.Ed.2d 297 (1980).

The district court determined that it did not need to reach the question of whether the warnings were adequate because Chambers did not assert that he was indigent at the time of questioning. The court cited *Miranda*, 384 U.S. at 473 n. 43, 86 S.Ct. at 1627 n. 43, in which the Supreme Court stated that "a warning that the indigent may have counsel appointed need not be given to the person who is known to have * * * ample funds to secure [an attorney]." At the time of his conviction Chambers was earning $13.86 an hour. In addi-

tion, one week after his arrest, Chambers was able to hire an attorney. Accordingly, the court concluded that because Chambers could afford an attorney he did not need to be advised that an attorney would be provided free of charge. We hesitate to conclude that Chambers' entitlement to advice that a court-appointed attorney would be provided free of charge depends upon whether a sheriff thought he could afford one. However, having found that the warnings given to Chambers were within the guidelines established by *Miranda,* we do not reach this issue. Nevertheless, we caution law enforcement personnel not to attempt to gauge a person's financial status prior to advising them of their full *Miranda* rights. As the Court stated in *Miranda,* "the expedient of giving a warning is too simple and the rights involved too important to engage in *ex post facto* inquiries into financial ability when there is any doubt at all on that score." *Miranda,* 384 U.S. at 473 n. 43, 86 S.Ct. at 1627 n. 43.

#### B. Sufficiency of the evidence

■ Chambers also contends that there was insufficient evidence to convict him of rape because penetration, a required element of the crime of rape, was not proven at trial. Before we can consider this claim, we must first address the government's assertion that Chambers cannot raise this claim because he did not present this issue to the state court. A habeas petitioner may not raise a constitutional claim in the federal court that he has not raised in state court proceedings unless he can demonstrate adequate cause as to why he failed to raise the claim in the state court and show that actual prejudice resulted from the error of which he complains. *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977).

In response, Chambers asserts that because there was not sufficient evidence to support his conviction and he is innocent of the charges, he is not required to allege and establish cause and prejudice. "[W]here a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause" and prejudice. *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 2650, 91 L.Ed.2d 397 (1986).

Chambers argues that the victim's testimony was not sufficient to prove that he committed the crime of rape. Ark.Stat. Ann. § 41–1803 (1981) provides that "[a] person commits rape if he engages in * * * deviate sexual activity with another person * * * who is less than eleven (11) years old." Deviate sexual activity is defined as "any act of sexual gratification involving * * * the penetration, however slight, of the * * * mouth of one [1] person by the penis of another person." Ark.Stat.Ann. § 41–1801 (1976). The victim testified at trial that Chambers made her put her mouth "on" his penis and made her lick his penis. Chambers asserts that this testimony was not sufficient to prove penetration and, therefore, he should not have been convicted of rape.

■ We agree with the district court that a rational juror could reasonably have concluded that putting the mouth on the penis constitutes penetration. Consequently, we find that Chambers' trial did not result "in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496, 106 S.Ct. at 2650. And, Chambers has not shown cause and prejudice as required. Therefore, we cannot further consider this claim because of the procedural bar.

### III. CONCLUSION

■ Chambers raises other due process claims including claims of coercion of the testimony from the victim and unfair comments by the prosecutor. These arguments, like the sufficiency of the evidence claim, were not raised in the state court. We have reviewed these arguments under the standard of *Murray v. Carrier,* and find that we cannot review them absent a showing of cause and prejudice. Chambers has not made such a showing. For the

foregoing reasons, the decision of the district court is affirmed.