Vernon Roy RICHARD v. STATE of Arkansas

CR 91-129                                               815 S.W.2d 941

Supreme Court of Arkansas
Opinion delivered September 30, 1991

*David Wisdom Harrod*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Teena White*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. The appellant was charged with the rape of a three-year-old girl. The State moved to videotape the deposition of the victim so that her testimony could be heard, but she would not be required to suffer the humiliation of appearing in a public courtroom. *See* Ark. Code Ann. § 16-44-203 (1987). By this time the child was four years and ten months old. The appellant contended that the victim was incompetent and, on that basis, objected to taping her testimony. The trial court held a preliminary hearing on the issue and, after hearing extensive testimony by the child, ruled that the appellant had not shown her to be incompetent.

The case proceeded to trial. The appellant was found guilty of rape and sentenced, as a habitual offender, to life in prison. We need not detail the facts of the crime since the only argument on appeal involves the competency ruling. We cannot say the trial court abused its discretion in making that ruling and, accordingly, affirm the judgment of conviction.

In *Logan* v. *State*, we set out the following standards to be used in the trial and appellate courts to determine competency:

> A trial court must begin with the presumption that every person is competent to be a witness. A.R.E. Rule 601. The burden of persuasion is upon the party alleging that

the potential witness is incompetent. To meet that burden the challenging party must establish the lack of at least one of the following: (1) the ability to understand the obligation of an oath and to comprehend the obligation imposed by it; or (2) an understanding of the consequences of false swearing; or (3) the ability to receive accurate impressions and to retain them, to the extent that the capacity exists to transmit to the factfinder a reasonable statement of what was seen, felt or heard. The competency of a witness is a matter lying within the sound discretion of the trial court and, in the absence of clear abuse, we will not reverse on appeal. (Citations omitted)

*Logan* v. *State*, 299 Ark. 266, 272, 773 S.W.2d 413, 416 (1989).

Appellant argues that the trial court erred in ruling that he did not establish either (1) lack of ability to understand the oath and its obligation, or (2) lack of understanding of the consequences of false swearing.

While the victim's answers to questions on these issues were at times inconsistent, more often than not she displayed a clear understanding of the undesirable consequences of telling a falsehood, and conversely, she understood the positive and desirable consequences of telling the truth. She clearly had "a moral awareness of the duty to tell the truth." *Hoggard* v. *State*, 277 Ark. 117, 122, 640 S.W.2d 102, 105 (1982). In sum, we cannot say that the trial court abused its discretion in determining the victim was competent and in allowing her to testify by means of a videotaped deposition. Thus, we affirm on the only point argued on appeal.

In addition, because the sentence imposed is life in prison, the complete record has been examined, and we find no other ruling by the trial court which we consider to be prejudicial error. *See* Rule 11(f) of the Rules of the Supreme Court and Court of Appeals.

Affirmed.