# Carl DUVALL *v.* STATE of Arkansas

CA CR 91-288                                     852 S.W.2d 144

Court of Appeals of Arkansas
Division I
Opinion delivered March 24, 1993

149

*Christopher M. Jester*, for appellant.

*Winston Bryant,* Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. Charles Duvall appeals from his conviction at a jury trial of sexual abuse in the first degree, for which he was sentenced to five years in the Arkansas Department of Correction. He contends that the trial court erred in allowing witnesses to present hearsay statements made by appellant's five-year-old daughter (the alleged victim in this case), in finding appellant's daughter competent to testify, and in not allowing appellant to present allegedly exculpatory evidence. We find no error and affirm.

The victim testified that her father had penetrated her anus and vagina and that he had required her to engage in oral intercourse. The medical testimony indicated that she was red and raw around her anus and vagina and had sores around her mouth. There were tears and fissures around her vaginal and rectal areas that were consistent with sexual abuse.

As provided in then-existing Ark. R. Evid. Rule 803(25), the State moved for a pre-trial hearing to prove the "reasonable trustworthiness" of the five-year-old child's out-of-court statements to Betty Simmons, a SCAN worker; Margaret Kesterson of the Arkansas State Police; Dr. Rick Harrison, Dr. Gary Russell and his nurse, Loraine Love; Dorothy Richardson, a babysitter; and her daughter, Ann Reed. After the hearing, the trial court ruled the statements admissible, and at trial the State introduced the child's hearsay statements through the various witnesses.

■■ Appellant argues that *Vann* v. *State*, 309 Ark. 303, 831 S.W.2d 126 (1992), requires that his conviction be reversed and remanded. In *Vann*, the Arkansas Supreme Court held that Ark. R. Evid. 803(25)(A) was unconstitutional in criminal cases because it required a lesser standard (reasonable likelihood of trustworthiness) for admissibility of hearsay statements than is required by the Confrontation Clause of the Sixth Amendment. However, introduction of the hearsay statements does not require reversal because appellant did not preserve this issue for appeal. Appellant's motion to exclude all hearsay testimony was based on his contention that the child had been coaxed into accusing him of sexual abuse. He contended that the hearsay was not sufficiently trustworthy *under the rule of evidence.* Appellant made no objection to the hearsay statements on any constitutional ground. Even constitutional issues may not be raised for the first time on appeal. *Killcrease* v. *State*, 310 Ark. 392, 836 S.W.2d 380 (1992); *Harris* v. *State*, 295 Ark. 456, 748 S.W.2d 666 (1988). Moreover, the victim testified at trial and was subject to cross-examination. Appellant had the opportunity to question her regarding statements she made to third persons. The danger of the admission of hearsay statements without the opportunity to question the reliability of the assertion is alleviated by the opportunity to cross-examine the declarant. *Idaho* v. *Wright*, 110 S. Ct. 3139 (1990).

■ In *Vann*, the Arkansas Supreme Court recognized that the harmless error doctrine could apply if the error was harmless beyond a reasonable doubt. In *Vann*, the court stated that the admission of impermissible hearsay evidence was not harmless beyond a reasonable doubt because it constituted the only direct evidence of penetration on the rape charge. In the case at hand, the victim testified to the elements of the crime. In addition, Dr. Rick Harrison testified that when he asked the victim where appellant hurt her, she pointed to her vaginal and rectal areas and to her mouth. She also stated that her father had her open her mouth up wide and he urinated in her mouth. Dr. Harrison's testimony was admissible under Ark. R. Evid. 803(4), which provides for the admission of statements made for the purpose of medical diagnosis or treatment and describing medical history, past or present symptoms, pain, or sensation, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment. *Stallnacker* v. *State*, 19 Ark. App. 9, 715 S.W.2d 883 (1986). The additional hearsay testimony from the other aforementioned witnesses was duplicative and harmless under *Vann*.

Appellant further argues that the trial court erred in ruling that the victim was competent to testify. As stated, a pre-trial hearing was held to determine the admissibility of hearsay statements. The victim appeared at that hearing and the judge found her competent to testify. She was four years old at the pre-trial hearing. She also testified at the trial and answered questions as to her obligations to tell the truth. She was five years old at the time of trial.

■ In *Richard* v. *State*, 306 Ark. 543, 815 S.W.2d 941 (1991), the court recited the following standards for determining competency:

A trial court must begin with the presumption that every person is competent to be a witness. A.R.E. Rule 601. The burden of persuasion is upon the party alleging that the potential witness is incompetent. To meet that burden the challenging party must establish the lack of at least one of the following: (1) the ability to understand the obligation of an oath and to comprehend the obligation imposed by it; or (2) an understanding of the consequences of false

swearing; or (3) the ability to receive accurate impressions and to retain them, to the extent that the capacity exists to transmit to the fact finder a reasonable statement of what was seen, felt, or heard. The competency of a witness is a matter lying within the sound discretion of the trial court and, in the absence of clear abuse, we will not reverse on appeal.

*Richard*, 306 Ark. at 544-45, 815 S.W.2d at 942 (quoting *Logan* v. *State*, 299 Ark. 266, 272, 773 S.W.2d 413, 416 (1989)).

■■ If the child's overall testimony shows an ability to understand the obligation of an oath and the consequences of false swearing, the child may be held competent to testify although the child states she does not know what a lie is or what happens to people who lie. *Curtis* v. *State*, 301 Ark. 208, 738 S.W.2d 47 (1990). The evaluation of the trial court in these cases is particularly important due to its opportunity to observe the child witness and to assess the child's intelligence and understanding of the need to tell the truth. *Jackson* v. *State*, 290 Ark. 375, 720 S.W.2d 282 (1986). Here, the victim's answers were at times inconsistent, but she demonstrated an understanding of the obligation to tell the truth and the consequences of false swearing, and a capability of receiving and retaining accurate impressions and communicating a reasonable statement of what she had perceived. *See Richard* v. *State, supra; Barrett* v. *State*, 23 Ark. App. 144, 744 S.W.2d 741 (1988); *Chappell* v. *State*, 18 Ark. App. 26, 710 S.W.2d 214 (1986). From our review of the record, we cannot conclude that the trial court abused its broad discretion in finding the victim competent to testify.

Appellant finally contends that the trial court erred in refusing to allow appellant to present evidence that his former wife (the victim's mother) and her boyfriend, Floyd Hankins, had devised a plan to have appellant charged with this crime. Appellant argues that he should have been allowed to present testimony that the victim's mother had previously threatened to call the police and report appellant to Suspected Child Abuse and Neglect (SCAN) in response to a heated custody battle. Appellant further sought to produce evidence that Hankins had in the past encouraged another woman to make allegations of abuse in order to gain custody of her children. The court ruled that this

153

proffered evidence addressed a collateral matter and was therefore inadmissible. Appellant argues that the trial court's denial amounted to a violation of his constitutional right to present a defense.

Collateral matters are issues not directly involved in the case. The bias of a witness is not a collateral matter, and extrinsic evidence is admissible thereon if the witness denies or does not admit the facts claimed to show bias. *Bowden v. State*, 297 Ark. 160, 761 S.W.2d 148 (1988). Here, evidence of the ex-wife's threat to call SCAN might be relevant as to the witnesses' bias had the victim's mother or Hankins made the allegations of sexual abuse against appellant or had they offered evidence against him in that regard. However, the initial charges of sexual abuse were made by the babysitter, Dorothy Richardson. The SCAN investigation ensued as a result of those allegations and not as a result of any actions of the victim's mother or Hankins. The same is true of this criminal charge. Neither Hankins nor the victim's mother were in the state at the time the allegations were made against appellant. The victim's mother testified for the State only as to the name by which the victim called appellant. Hankins was not called as a witness for the State at all. Appellant *was* allowed to question the victim's mother about the threats to call SCAN but was bound by her answer. *See* Ark. R. Evid. 608(b); *Randall v. State*, 239 Ark. 312, 389 S.W.2d 229 (1965). Furthermore, appellant was allowed to testify personally as to those threats. Appellant's attempt to prove that Hankins had previously encouraged falsely charging another man with similar allegations stands in the same light as his attempt to prove the prior threats. The probative value of evidence must outweigh the danger of undue diversion of the trial by the injection of collateral issues. Under the particular facts of this case, we cannot conclude that the trial court erred in holding the issues in question to be collateral or in refusing to allow appellant to offer extrinsic evidence on these points.

Affirmed.

JENNINGS, C.J., and ROBBINS, J., agree.