Walter Richmond HAYNES *v.* STATE of Arkansas

CA CR 93-552                                        872 S.W.2d 85

Court of Appeals of Arkansas
Division I
Opinion delivered March 16, 1994

*Jan Thornton*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

JUDITH ROGERS, Judge. On appeal from municipal court, the appellant, Walter Richmond Haynes, was convicted in a jury trial of driving while intoxicated, driving on a suspended license and carrying a weapon. For DWI, appellant was sentenced to a year in the county jail, assessed a fine of $1,000 and his driver's license was suspended for a period of 120 days. For driving on a suspended license, he was sentenced to six months in jail and fined $500. For carrying a weapon, appellant was sentenced to a year in jail with a fine of $1,000. As his sole issue, appellant contends that the trial court erred in denying his motion to withdraw the appeal from municipal court. We find no error and affirm.

On July 22, 1992, the appellant was found guilty of the above-mentioned offenses in the Union County Municipal Court. Appellant thereafter perfected an appeal to the Circuit Court of Union County. Immediately before the trial began, on March 11, 1993, appellant moved to dismiss the appeal from municipal court. The prosecution objected to a dismissal, stating that it was prepared for trial and that the county had gone to great expense in summoning a jury. The trial court declined appellant's request to withdraw the appeal, a jury was impaneled and the case proceeded to trial.

On appeal, appellant contends that he possessed an unqualified right to dismiss the appeal. In so arguing, appellant concedes that his contention is contrary to the supreme court's opinion in *Newberry* v. *State*, 261 Ark. 648, 551 S.W.2d 199 (1977), where it was held that the dismissal of such an appeal is a decision lying within the discretion of the circuit judge, and not a matter subject to the unilateral control of the accused. The court explained:

> The court did not abuse its discretion in denying the motion to dismiss the appeal. When an appeal takes a case to a purely appellate court, for a review of the judgment of a trial court, the appellant has a right to dismiss the appeal and submit to the judgment, if there is no prejudice to the appellee. But when the appeal is to an intermediate court for a trial de novo, the prosecution is as much a party to the transaction as it was in the court below. The intermediate court, and not the accused, is then vested with the power of dismissal. The court might, for example, find the original sentence to be inappropriate or think a trial to be a necessary step toward discouraging dilatory appeals. In the case at bar we perceive no basis for saying that the circuit judge abused his discretion in the matter.

*Id.* at 649, 551 S.W.2d at 200 (citations omitted).

While appellant acknowledges the *Newberry* decision, he nevertheless argues that the opinion is inconsistent with provisions of the Arkansas Constitution which repose in the individual the right to a jury trial, and the right to a public and speedy trial. This argument, however, was not presented to the trial court, and thus it is not preserved for appeal. Under our well-settled rule, this court does not consider issues raised for the first time on appeal. *Skiver* v. *State*, 37 Ark. App. 146, 826 S.W.2d 309 (1992). Even constitutional issues may not be raised for the first time on appeal. *Duvall* v. *State*, 41 Ark. App. 148, 852 S.W.2d 144 (1993). We otherwise cannot conclude that the trial court abused its discretion in refusing to dismiss the appeal, and we affirm.

Affirmed.

PITTMAN and COOPER, JJ., agree.