Billy J. CHAMBERS *v.* STATE of Arkansas

CR 81-109                                    628 S.W. 2d 306

Supreme Court of Arkansas
Opinion delivered February 22, 1982

*Robert A. Newcomb,* for appellant.

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. The appellant was convicted of rape by a jury and sentenced to 50 years.

· Appellant filed a timely notice of appeal and alleged three points for reversal: (1) that the victim's testimony should have been excluded because of her age; (2) that appellant's statement should have been suppressed due to the lack of a valid waiver of counsel; and, (3) that the remarks of the deputy prosecutor in closing arguments were improper and should have been grounds for a mistrial. We find no merit in any of the contentions of the appellant and affirm the judgment as expressed by the trial court.

The facts of the case reveal that in July 1980 appellant's wife had gone to Texas for her sister's funeral. On July 26, 1980, appellant took the victim, age six, and her brother, age 13, from their home with their mother's permission. The appellant was apparently a family friend. That evening appellant and the 13 year old brother were drinking beer and at one point a game of strip poker was played which resulted in at least the two children stripping completely naked. Later, in the appellant's bedroom, appellant had oral sexual contact with the victim and she was forced to take appellant's penis into her mouth. Afterwards, appellant, the girl and her brother all slept naked in the appellant's bed.

The appellant feels that due to victim's tender age (she was six at the time of the incident, seven at the time of trial) the trial court should have excluded her testimony. In *DeVoe v. State,* 193 Ark. 3, 97 S.W. 2d 75 (1936), this court held, in regard to an 8 year old rape prosecutrix:

As to her competency, it may be said, first, that her competency was peculiarly within the trial court's

discretion, and the trial court's ruling on the question will not be disturbed unless there was a gross abuse of discretion.

In the present case, the victim stated that she had learned about telling the truth from Bible stories read to her, and that if she told a lie she would be put in jail. The trial court was apparently convinced of the victim's ability to understand the consequences of not telling the truth. Our guidelines in regard to the common law tests of the competency of a witness in a criminal trial have been set out numerous times, they are:

> The ability to understand the obligation of an oath and to comprehend the obligation imposed by it; an understanding of the consequences of false swearing; and the ability to receive accurate impressions and to retain them, to the extent that the capacity exists to transmit to the factfinder a reasonable statement of what was seen, felt or heard.

*Kitchen* v. *State,* 271 Ark. 1, 607 S.W. 2d 345 (1980). The question of the competency of witnesses in a criminal trial is a matter lying within the sound discretion of the trial judge and in the absence of clear abuse of discretion, or obvious error, its exercise is not reviewable on appeal. *Hamblin* v. *State,* 268 Ark. 497, 597 S.W. 2d 589 (1980).

The appellant was arrested on July 27, 1980, by the Pulaski County Sheriff's Office. During the investigation, Deputy Prosecutor Mike Martin was called to assist in interviewing the appellant. The appellant signed a standard rights form and then gave a statement to Martin which was recorded. The rights statement contained the language: "I have been advised . . . that I have the right to talk with an attorney, either retained by me or appointed by the court, before giving a statement, and to have my attorney present when answering any questions." We have recently ruled on the question of the validity of this particular portion of a similar Miranda warning and held it to be adequate. *Thomerson* v. *State,* 274 Ark. 17, 621 S.W. 2d 690 (1981). When we examine the totality of the circumstances sur-

rounding the giving of the appellant's statement we cannot say that his right to counsel was not voluntarily waived. Deputy Prosecutor Martin, being an attorney and in attendance at the taking of the statement should have perhaps exercised more authority and specifically advised the appellant that he could have had immediate access to an attorney without cost. However, according to the record, appellant was advised of his rights on at least two occasions, and from all of the evidence presented, signed the waiver freely and voluntarily. We feel that the appellant's constitutional rights as expressed in *Miranda* v. *Arizona*, 384 U.S. 436 (1966), have been adequately safeguarded.

Appellant's final contention is that the deputy prosecutor's closing remarks were improper and that a mistrial should have been granted by the trial court. Upon looking at the record we find that the remarks were not prejudicial. In any event, after defense counsel objected, the trial court admonished the jury that the deputy prosecutor was presenting argument, not evidence, and that they should not consider it as evidence. The trial court has broad discretion in controlling, supervising and determining the propriety of arguments of counsel, and its exercise will not be reversed in the absence of gross abuse. *Shaw* v. *State*, 271 Ark. 926, 611 S.W. 2d 522 (1981).

Therefore, the judgment is affirmed.

Affirmed.