Daniel Price CLIFTON *v.* STATE of Arkansas

CR 85-216                                          709 S.W.2d 63

Supreme Court of Arkansas
Opinion delivered May 12, 1986

*William R. Simpson, Jr.*, Public Defender, by: *Donald K. Campbell III*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Mary Beth Sudduth*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant was convicted of rape and attempted rape and was sentenced to sixty and twenty years imprisonment, respectively, for these offenses. He appeals from the attempted rape conviction on the ground that the nine-year-old prosecuting witness was incompetent to testify. We affirm.

The rape conviction resulted primarily from the testimony of seven-year-old Shirley Bryans who told the jury about being at

home on the morning in question with the appellant, her sister Ritha, and a brother who was playing outdoors. Shirley testified that Ritha, then aged eight (nine at the time of trial) was being kept in the bathroom by the appellant as punishment for having tormented a kitten. The appellant lived with Shirley, Ritha, their brother, and their mother who was temporarily away from the home. Shirley testified as to how the appellant raped her on that morning and how she told her mother of the incident when the mother returned to the home. Shirley was examined by a doctor who found evidence of recent vaginal penetration. At an omnibus hearing, Ritha, the nine-year-old, at first said she did not know the difference between telling the truth and telling a lie but then, after some coaxing with examples, said she did know the difference and that she knew she would be punished for lying. She testified that "Daniel P. Clifton" locked her in the bathroom and, after moving her from the bathroom to the closet and back a time or two, came into the bathroom and "stuck his penis down my throat."

At the trial both girls gave substantially the same testimony as at the omnibus hearing except Ritha said the appellant "tried" to stick his penis down her throat. The physician's report, which was entered as a joint exhibit, stated that Ritha had told the doctor that the appellant had not succeeded in placing his penis in Ritha's mouth.

On cross examination at the trial Ritha said she had not liked the appellant both before and after the incident. He had punished her and she had wanted to get even with him. She then said that she had changed her mind and did not want to get even.

The appellant argues that it was only after Ritha was led to the answers the prosecutor wanted to hear that the court ruled she was competent. He contends her use of the full name "Daniel P. Clifton" and words such as "penis" further demonstrate that she was too easily led to be considered a competent witness.

We find no abuse of discretion in this case. With respect to Ritha, the original charge of rape was reduced to attempted rape. Her testimony was consistent with that of her sister concerning events of the morning in question. The inconsistencies in her testimony elicited when she was being examined for competency did not so exceed the bounds to be expected with a

juvenile witness as to make the decision to allow her testimony an abuse of discretion. Nor are we convinced that Ritha's use of words she has heard when discussing the case with adults indicates the trial court was wrong in assessing her competency.

We will not reverse a trial judge's exercise of the broad discretion to determine the competency of a witness absent a manifest error or clear abuse. *Hamblin* v. *State*, 268 Ark. 497, 597 S.W.2d 589 (1980). The issue is one in which the trial judge's evaluation is particularly important due to the opportunity he is afforded to observe the witness and the testimony. As long as the record is one upon which the trial judge could find a moral awareness of the obligation to tell the truth and an ability to observe, remember, and relate facts, we will not hold there has been a manifest error or abuse of discretion in allowing the testimony. *Hoggard* v. *State*, 277 Ark. 117, 640 S.W.2d 102 (1982); *Chambers* v. *State*, 275 Ark. 177, 628 S.W.2d 306 (1982).

Affirmed.

PURTLE, J., not participating.