Joe Edwin CLEM *v*. STATE of Arkansas

CR 01-1436

90 S.W.3d 428

Supreme Court of Arkansas
Opinion delivered November 21, 2002

*Terry Goodwin Jones*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Katherine Adams*, Ass't Att'y Gen., for appellee.

R AY THORNTON, Justice. Appellant, Joe Clem, was convicted of one count of rape and three counts of accomplice to rape. Based on these convictions, appellant was sentenced to three life sentences and one term of forty years' imprisonment. These convictions stem from the rape of appellant's daughter, M.C., who was under the age of fourteen at the time the offense occurred, and the rape of appellant's son, J.C., who was also under the age of fourteen at the time the offense occurred.

At trial, appellant objected to the admission of several photographs, which depicted the condition of his home, and showed various items found in his home, such as a wooden paddle and

framed posters of nude or partially dressed women. The trial court denied appellant's objection and admitted the photographs.

During his trial, appellant also objected to the testimony of his seven-year-old daughter, M.C. He argued that M.C. was incompetent to testify. After conducting two *in camera* hearings, the trial court determined that M.C. was competent to testify.

At the close of the State's case, and again at the close of all of the evidence, appellant requested that the trial court direct verdicts in his favor on all charges. The trial court denied appellant's motions and sent the matter to the jury for resolution. The jury found appellant guilty of all charges, and appellant was thereafter sentenced.

It is from these convictions that appellant appeals. On appeal, appellant raises three points for our consideration, and we affirm the trial court on all points.

■ ■ In his final point on appeal, appellant urges that the trial court erred in denying his motions for directed verdicts. Although this issue is raised as appellant's final point on appeal, we consider it first because double-jeopardy considerations require us to consider a challenge to the sufficiency of the evidence prior to examining other issues on appeal. *Atkinson v. State*, 347 Ark. 336, 64 S.W.3d 259 (2002). We have explained that a motion for a directed verdict is a challenge to the sufficiency of the evidence. *Id.*

■ In *Burmingham v. State*, 342 Ark. 95, 27 S.W.3d 351 (2000), we outlined the rules that we follow in our consideration of whether the verdict was supported by sufficient evidence. We wrote:

> In reviewing a challenge to the sufficiency of the evidence, we view the evidence in a light most favorable to the State and consider only the evidence that supports the verdict. *Wilson v. State*, 332 Ark. 7, 962 S.W.2d 805 (1998). We do not reweigh the evidence but determine instead whether the evidence supporting the verdict is substantial. *McFarland, supra.* We affirm a conviction if substantial evidence exists to support it. *Prater v. State*, 307 Ark. 180, 820 S.W.2d 429 (1991). Evidence, whether direct or circumstantial, is sufficient to support a conviction if it is forceful

enough to compel reasonable minds to reach a conclusion without having to resort to speculation or conjecture. *Id.* We do not, however, weigh the evidence presented at trial, as that is a matter for a factfinder. *Wilson, supra.* Nor will we weigh the credibility of the witnesses. *Jd.* We have also noted that the testimony of the rape victim satisfies the substantial evidence requirement in a rape case. *Prater, supra.*

*Burmingham, supra.* We have further noted that a rape victim's testimony need not be corroborated to support a conviction. *Sublett v. State,* 337 Ark. 374, 989 S.W.2d 910 (1999).

In our appellate review, we must determine whether there was sufficient evidence to support appellant's conviction. Appellant was convicted of one count of rape and three counts of accomplice to rape. At the time appellant committed his crime, Ark. Code Ann. § 5-14-103 (Repl. 1997)(superseded) articulated the elements for the offense of rape. The statute provided:

> (a) A person commits rape if he engages in sexual intercourse or deviate sexual activity with another person:
> (1) By forcible compulsion; or
>
> * * *
>
> (4) Who is less than fourteen (14) years of age. It is an affirmative defense to prosecution under this subdivision (a)(4) that the actor was not more than two (2) years older than the victim.

*Id.* Additionally, at the time appellant committed his crime, Ark. Code Ann. § 5-14-101 (Repl. 1997) (superseded) provided:

> As used in this chapter, unless the context otherwise requires:
> (1) "Deviate sexual activity" means any act of sexual gratification involving:
>
> * * *
>
> (B) The penetration, however slight, of the labia majora or anus of one person by any body member or foreign instrument manipulated by another person.

*Id.* We have explained that penetration can be shown by circumstantial evidence, and if that evidence gives rise to more than a mere suspicion, and the inference that might reasonably have been

deduced from it would leave little room for doubt, that is sufficient. *Tinsley v. State*, 338 Ark. 342, 993 S.W.2d 898 (1999).

■ Arkansas Code Annotated § 5-2-402 (Repl. 1997), articulates the elements necessary to establish that a person is criminally liable for the conduct of another person. The statute provides:

> A person is criminally liable for the conduct of another person when:
>
> (1) He is made criminally liable for the conduct of another person by the statute defining the offense; or
>
> (2) He is an accomplice of another person in the commission of an offense; or
>
> (3) Acting with the culpable mental state sufficient for the commission of the offense, he causes another person to engage in conduct that would constitute an offense but for a defense available to the other person.

*Id.* Finally, Ark. Code Ann. § 5-2-403 (Repl. 1997), gives the statutory definition of an accomplice. The statute provides:

> (a) A person is an accomplice of another person in the commission of an offense if, with the purpose of promoting or facilitating the commission of an offense, he:
>
> (1) Solicits, advises, encourages, or coerces the other person to commit it.

*Id.* We have explained that relevant factors in determining the connection of an accomplice to a crime are the presence of the accused in proximity of a crime, the opportunity to commit the crime, and an association with a person involved in a manner suggestive of joint participation. *Atkinson v. State*, 347 Ark. 336, 64 S.W.3d 259 (2002).

With the relevant statutes and case law outlined, we consider whether there was sufficient evidence to support appellant's conviction. Appellant was convicted of raping his seven-year-old daughter, M.C. Appellant argues that the trial court should have granted his motion for a directed verdict because "there was no evidence to support the supposition that a rape had occurred." A

review of the testimony presented at trial clearly establishes that there was sufficient evidence to support appellant's rape conviction.

At trial, Dr. Dwight Williams testified that he examined M.C., and that her exam was consistent with recent sexual abuse. He stated that there was redness present in the internal labia. Dr. Williams also testified that M.C. had some abrasions, scratches, or trauma present on the internal labia, and that the examination of M.C.'s hymen "revealed it to not be totally present." Dr. Williams explained that it is irregular for a hymen of a child M.C.'s age to be partially absent without penetration. Dr. Williams also stated that during his examination of M.C. he found skin tags around the anus. He explained that skin tags on a child M.C.'s age can be consistent with anal penetration.

M.C. also testified at trial. She testified that appellant touched her "private spot" with his finger while she was not wearing any clothes. M.C. explained that it hurt when appellant put his finger in her private spot because "he was sticking it all the way in." She also testified that appellant touched her "private spot" with his "private spot," and that appellant forced her to perform oral sex on him.

Finally, Donna Clem, appellant's wife and M.C.'s mother, testified. She stated that she saw appellant call M.C. into his bedroom, and that appellant told her that he had inserted his finger into M.C.

After reviewing the evidence, we conclude that there was sufficient evidence to support appellant's rape conviction. Specifically, we hold that there was sufficient evidence upon which the jury could have concluded that appellant engaged in sexual intercourse or deviate sexual activity with M.C., who was under the age of fourteen.

Appellant was also convicted of three counts of being an accomplice to rape. One count of the conviction stems from appellant's participation in a crime committed by Donna Clem. Specifically, Donna Clem raped J.C., who was her son and who was also appellant's son. Additionally, appellant participated in

sexual acts which occurred between his children M.C. and J.C. On appeal, appellant contends that there was insufficient "evidence to support the supposition that the elements of coercion, advisement, or solicitation were present for the charge of accomplice to rape." A review of the trial testimony is necessary to determine whether the trial court erred in denying appellant's motion for directed verdict.

At trial, J.C. testified. He stated that appellant would force him and his mother to remove their clothes and lie on the bed together. J.C. further testified that appellant would order him to lie on top of his mother. He also stated that appellant forced him to put is "private" in his mother's "private." J.C. explained that appellant told him that he would hurt him if he did not follow appellant's instructions.

Next, J.C. testified that appellant forced him and M.C. to remove their clothes and lie on the bed with J.C. lying on top of M.C. He also stated that appellant forced him to put his "private" in M.C.'s "private."

M.C. also testified about these charges. M.C. stated that she and J.C. removed their clothes and that J.C. lay on top of her. She further testified that J.C. put his "private" in her and that J.C. also put his finger in her. M.C. explained that the children engaged in these acts because appellant told them to, and that they obeyed him because they were scared of appellant.

Finally, Donna Clem testified. She stated that she and the children were scared of the appellant because he was abusive. Mrs. Clem further testified that appellant would "make [J.C.] get on top of me and have sex with me." She explained that watching these acts aroused appellant. Mrs. Clem also stated that while she was having sex with J.C., appellant would offer sexual instructions to J.C.

After reviewing the evidence, we conclude that there was sufficient evidence to support appellant's accomplice to rape convictions. Specifically, we hold that there was sufficient evidence upon which the jury could have concluded that appellant solicited, advised, encouraged, or coerced Mrs. Clem to rape J.C.

Additionally, there was sufficient evidence to establish that appellant coerced J.C. and M.C. to engage in sexual activities. Accordingly, the trial court correctly denied appellant's motions for directed verdicts.

In appellant's second point on appeal, he argues that the trial court erred when it admitted certain photographs and testimony about these photographs into evidence.[1] Appellant argues that the photographs and the testimony about the photographs was irrelevant and prejudicial. We have often stated that the admission and relevancy of photographs is a matter within the sound discretion of the trial court. *Sanders v. State*, 340 Ark. 163, 8 S.W.3d 520 (2000). Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Ark. R. Evid. 401. The general rule is that all relevant evidence is admissible. Ark. R. Evid. 402. However, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Ark. R. Evid. 403. A trial court's ruling on relevancy is entitled to great weight and will not be reversed absent an abuse of discretion. *Miles v. State*, 348 Ark. 544, 74 S.W.3d 615 (2002).

On appeal, appellant argues that "the trial court abused its discretion by allowing any testimony and photographs into evi-

---

[1] We note that appellant did not include copies of the contested photographs in either his abstract or his addendum. In his brief, appellant addressed this issue. He wrote:

[T]he Rules of Appellate Procedure require, unless waived by the court upon motion, that the appellant reproduce a photograph and attach it to the abstract whenever that photograph must be examined for a clear understanding of the testimony. *See* Ark. Sup. Ct. R. 4-2 (a)(6); *Bunn v. State*, 320 Ark. 516, 898 S.W.2d 450 (1995). It is appellant's contention that this is unnecessary in the case at bar as the photographs were thoroughly described in the transcript and depicted none of the elements related to the charge, but were solely put into evidence to prove that the appellant was a poor housekeeper and had unconventional tastes in decor by having a framed picture of a nude woman in a home where children lived.

Appellant's contention is well-taken. Specifically, we conclude that an examination of the photographs was not necessary for our consideration of this issue because we were able to fully understand the issue by reviewing LeAnn Vanaman's testimony, which was included in appellant's abstract.

dence which served only to depict the appellant's home as one of deplorable conditions." At trial, appellant objected to State's exhibits 2, 3, 4, 5, 6, 7, 8, and 9. The contested exhibits were photographs. The photographs were taken by LeAnn Vanaman, a supervisor with the Arkansas State Police, Family Protection Division, and were introduced during her testimony. Ms. Vanaman was assigned to investigate a report of child abuse at appellant's home. During her testimony, Ms. Vanaman described the photographs. Specifically, she testified that exhibit 2 was a photograph taken "in the drive, when we pulled up to the home, just to show what the outside of the trailer looked like." Ms. Vanaman further testified that "number 3 is just a little bit closer-up view, just to show the walkway into the home." Exhibit 4 was a photograph of "the back of the trailer." Exhibit 5, Ms. Vanaman explained, was a photograph of "a trash can," "a paddle," "roaches and other things around the trash," and a "world's greatest dad coffee cup with a roach inside." Exhibit 6 was a photograph depicting a framed poster of "a naked woman" found hanging in appellant's bedroom. Exhibit 7 depicted another poster of a nude woman. This poster was also found in appellant's room. Ms. Vanaman further testified that exhibit 8 was a photograph depicting a framed poster of "a woman wearing short shorts and an open jacket, sitting on a motorcycle." She explained that this poster was hanging in appellant's living room. Finally, Ms. Vanaman testified that exhibit 9 was a photograph depicting appellant's bedroom. She explained that the photograph showed appellant's unmade bed that was covered in dog feces.

The trial court admitted the photographs and the testimony about the photographs because it concluded that they were relevant in that the evidence showed the conditions of the trailer in which the children resided. We cannot say that the trial court abused its discretion in admitting the testimony and the photographs. The challenged evidence was relevant to establish that appellant had a complete disregard for the well-being of his children. We discussed this issue in *Lindsey v. State*, 319 Ark. 132, 890 S.W.2d 584 (1994) (plurality opinion). In that case, Lindsey was convicted of raping his eight-year-old daughter. At trial, the State introduced evidence concerning a medical condition suf-

fered by Lindsey's daughter, and left untreated by Lindsey. *Id.* The medical condition was not directly related to the rape charges. On appeal, Lindsey argued that the trial court erred by admitting the medical testimony because it was irrelevant to the rape charges and prejudiced his case. *Id.* We concluded that the trial court properly admitted the evidence of neglect and explained:

> [W]e have no hesitancy in concluding that permitting an eight-year-old child to develop a severe case of trench foot is a form of neglect by the parent and that the neglect of a child's physical needs is necessarily a form of abuse. Hence, we believe that a father's perpetration of child abuse by neglect is relevant to a case of sexual abuse against that same child, when both forms of abuse are occurring at the same time. Such evidence is pertinent in that it establishes an intentional pattern of abusive behavior on the part of the parent toward the child — the first by neglecting her basic hygienic needs and the second by soliciting her to engage in sexual activity. A contemptible lack of caring for a child's essential healthcare needs easily intertwines with sexual abuse of the child. Both forms of abuse are intentional and evidence lack of care, concern, and respect for the child's well-being.

*Id.*

The reasoning outlined in *Lindsey* is applicable to the case now before us. We conclude that the sexually explicit posters on the wall and the deplorable living conditions of the trailer, including a room crawling with roaches and a bed covered in feces, was relevant evidence because it established a pattern by appellant of intentionally neglecting his children's well-being. We further conclude that this evidence establishing an intentional neglect of his children's well-being was relevant to the consideration of whether appellant sexually abused his children. Further, we conclude that the relevant evidence was more probative than prejudicial. Accordingly, the trial court properly admitted the evidence.

In his third point on appeal, appellant argues that the trial court erred when it allowed M.C., appellant's seven-year old daughter, to testify. Specifically, appellant argues that M.C. was

not competent to testify because M.C. was unable to receive and retain accurate impressions, and because she lacked the capacity to transmit a reasonable statement of what transpired in the past.

In *Byndom v. State*, 344 Ark. 391, 39 S.W.3d 781 (2001), we discussed the standard of review we follow when considering a trial court's determination of competency of a witness. In that case, we wrote:

> The question of the competency of a witness is a matter lying within the sound·discretion of the trial court and in the absence of clear abuse, we will not reverse on appeal. *King v. State*, 317 Ark. 293, 877 S.W.2d 583 (1994); *Jackson v. State*, 290 Ark. 375, 720 S.W.2d 282 (1986). The trial court must begin with the presumption that every person is competent to be a witness. *Id.*; Ark.R.Evid. 601. The party alleging a witness is incompetent has the burden of persuasion. *Logan v. State*, 299 Ark. 266, 773 S.W.2d 413 (1989). The issue of competency of a witness is one in which the trial judge's evaluation is particularly important due to the opportunity he is afforded to observe the witness and the testimony. *Clifton v. State*, 289 Ark. 63, 709 S.W.2d 63 (1986). As long as the record is one upon which the trial judge could find a moral awareness of the obligation to tell the truth and an ability to observe, remember and relate facts, we will not hold there has been a manifest error or abuse of discretion in allowing the testimony. *Hoggard v. State*, 277 Ark. 117, 640 S.W.2d 102 (1982); *Chambers v. State*, 275 Ark. 177, 628 S.W.2d 306 (1982).

*Byndom, supra.* We have explained that the criteria for determining whether a witness is competent to testify are: (1) the ability to understand the obligation of an oath and to comprehend the obligation imposed by it; or (2) an understanding of the consequences of false swearing; or (3) the ability to receive accurate impressions and to retain them, to the extent that the capacity exists to transmit to the factfinder a reasonable statement of what was seen, felt, or heard. *Laughlin v. State*, 316 Ark. 489, 872 S.W.2d 848 (1994); *see also Greenlee v. State*, 318 Ark. 191, 884 S.W.2d 947 (1994).

With these principles in mind, we consider whether the trial court erred in deciding that M.C. was competent to testify. At trial, appellant challenged M.C.'s testimony. He argued that she was an incompetent witness. After raising this objection, the trial

court conducted two *in camera* hearings. At the hearings, M.C. testified: (1) that she was seven years old, (2) that her birthday was May 18th, (3) that she was in first grade, (4) that she had two brothers and one sister, (5) that she would get in trouble at school if she told a lie, and (6) that a person should tell the truth. She also answered a series of questions in which she was able to distinguish between the truth and a lie. Additionally, M.C. stated that she would be able to take an oath in open court and that she would promise to tell the truth during her testimony.

During her trial testimony, M.C. was able to explain the details surrounding the crimes committed by appellant. Specifically, M.C. was able to remember and testify about: (1) where the crimes occurred, (2) how often the crimes occurred, (3) what appellant was wearing when the crimes occurred, (4) how she felt when the crimes occurred, (5) what appellant was doing during the crimes, and (6) where her mother was when the crimes occurred.

After reviewing the *in camera* hearings and M.C.'s trial testimony, we conclude that the trial court did not abuse its discretion. Specifically, we conclude that M.C. had a moral awareness of the obligation to tell the truth and an ability to observe, remember, and relate facts.

### 4-3(h) Review

In compliance with Ark. Sup. Ct. R. 4-3(h), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to appellant, and no error has been found.

Affirmed.

ARNOLD, C.J., not participating.

HANNAH, J., concurs.

JIM HANNAH, Justice, concurring. I concur with the majority's holding that the appellant's convictions should be affirmed, but I write to address the trial court's admission of testimony and photographs depicting the appellant's home. The

trial court abused its discretion in admitting the testimony and photographs because they were irrelevant. This was not reversible error.

The basic question of the admissibility of evidence is relevancy. Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Ark. R. Evid. 401. Evidence which is not relevant is not admissible. Ark. R. Evid. 402.

The majority states that "[t]he challenged evidence was relevant to establish that appellant had a complete disregard for the well-being of his children." The appellant was not charged with having a complete disregard for the well-being of his children; rather, the appellant was charged with rape and accomplice to rape. The majority further states that the reasoning outlined in *Lindsey v. State*, 319 Ark. 132, 890 S.W.2d 584 (1994), applies to the present case. I must point out that *Lindsey* was a plurality opinion; thus, it has no precedential value.

The record indicates that the appellant objected to the admission of the photographs, identified as State's exhibits 2, 3, 4, 5, 6, 7, 8, and 9, arguing that they were not relevant, and that they were highly prejudicial. The trial court overruled the objection, stating:

> THE COURT: . . . The Court's under the opinion that they are relevant to the issue that's involved in this case, and they show the conditions of the trailer in which the children resided, and for that purpose alone, are relevant.

\* \* \*

The issues involved in this case were whether the appellant had committed the crimes of rape and accomplice to rape. Exhibits 2, 3, and 4, depicted the outside of the appellant's trailer; these exhibits are not relevant evidence. Nothing depicted in exhibits 2, 3, and 4, make it more or less probable that the appellant committed the crimes for which he was charged. Exhibits 5 and 9, depicted the conditions inside the trailer. While the testimony

and photographs illustrated the deplorable conditions in which the children lived, they do not show that it was more or less probable that the appellant committed the crimes for which he was charged. The testimony and photographs clearly evinced parental neglect, but the appellant was not on trial for neglect. Rather, the appellant was on trial for rape, based upon his own conduct, and for rape, based upon his accomplice liability.

At the time the appellant committed the crime, a person committed rape if he engaged in sexual intercourse or deviate sexual activity with another person who was less than fourteen years old. Ark. Code Ann. § 5-14-103(a)(4) (Repl. 1997) (superseded). At that time, "deviate sexual activity" was defined as "any act of sexual gratification involving" either "[t]he penetration, however slight, of the anus or mouth of one person by the penis of another person; or [t]he penetration, however slight, of the labia majora or anus of one person by any body member or foreign instrument manipulated by another person." Ark. Code Ann. 5-14-101(A)-(B) (Repl. 1997) (superseded). The photographs and testimony describing the interior and exterior of the appellant's trailer were not relevant evidence to prove any of the elements of rape.

A person is an accomplice of another person if, "with the purpose of promoting or facilitating the commission of an offense, he [s]olicits, advises, encourages, or coerces the other person to commit it; or [a]ids, agrees to aid, or attempts to aid the other person in planning or committing it. . . ." Ark. Code Ann. § 5-2-403(a)(1)-(2) (Repl. 1997). The photographs and testimony describing the appellant's trailer were not relevant evidence to prove that the appellant was an accomplice to rape.

The appellant requested that exhibits 6 and 7, the photographs of posters depicting nude women, and exhibit 8, the photograph of the poster depicting a partially nude woman, be "readapted." He renewed his objection that exhibits 6, 7, and 8, were irrelevant, and that the admission of those photographs would be highly prejudicial. The trial court again overruled the objection, stating:

> THE COURT: . . . I think that the photographs — if you had to prove motive, and it might go to—to show the

conditions, the circumstances, and—and at the very least, might indicate a motive, on the part of the Defendant, to commit the crime of rape of the children.

\* \* \*

The appellant questioned how the photographs of posters depicting nude women would prove motive, and the court replied:

THE COURT: Well, it's just some evidence of the conditions, the environment, and I think it's appropriate, for that purpose.

\* \* \*

LeAnn Varnaman testified that exhibits 6 and 7 depicted posters of nude women, and she testified that exhibit 8 depicted a woman sitting on a motorcycle and wearing short shorts and an open jacket. Varnaman further testified that the posters depicted in exhibits 6, 7, and 8, were hanging on walls in the appellant's trailer. Varnaman agreed with the State's characterization of exhibit 8 as being "somewhat inappropriate." The photographs depicting nude women and a partially nude woman, and the testimony explaining that the posters were located in a residence which was a home to young children, illustrate the appellant's inappropriate behavior and poor taste. However, the testimony and photographs do not show that it is more or less probable that the appellant committed the crimes for which he was charged, nor does it, by any stretch, prove motive.

The testimony and photographs were not used to prove that the appellant committed the crimes for which he was charged, but to inflame the minds of the jurors. Photographs which serve no valid purpose and are used only to inflame the jury's passions should be excluded. *Berry v. State*, 290 Ark. 223, 718 S.W.2d 447 (1986). In addition to being irrelevant, the testimony and photographs had no probative value and were prejudicial to the appellant; therefore, they should have been excluded.

I also write to address the appellant's failure to include the photographs in the Addendum to his brief. I disagree with the

majority's conclusion that an examination of the photographs was not necessary for our consideration of the issue regarding the admission of the photographs. Rule 4-3(g) of the Rules of the Arkansas Supreme Court addresses an appellant's duty to abstract the record. Rule 4-3(g) states:

> In all felony cases it is the duty of the appellant, whether represented by retained counsel, appointed counsel or a public defender, or acting pro se, to abstract such parts of the transcript and to include in the Addendum such parts of the record, but only such parts, as are *material to the points to be argued in the appellant's brief.*

Ark. Sup. Ct. R. 4-3(g) (2002) (emphasis added).

Clearly, when a point on appeal involves the admission of photographs, the photographs are material and should be included in the Addendum. While I believe that the appellant had a duty to include the photographs in the Addendum, I do not believe that the Addendum is so deficient that it requires the appellant to cure the deficiency, pursuant to Rule 4-2(b)(3) of the Rules of the Arkansas Supreme Court. Although the photographs are not included in the appellant's Addendum, they are included in the record. This court will not examine the record to reverse a trial court, but we may examine the record to affirm. *See McGehee v. State*, 344 Ark. 602, 43 S.W.3d 125 (2001). I believe that it is appropriate to go to the record to affirm the present case.

Finally, I must point out that the quoted portion of the appellant's brief, which the majority included in a footnote, contains an incorrect characterization of the Rules of the Arkansas Supreme Court, as well as an incorrect citation. In his brief, the appellant stated:

> The Rules of Appellate Procedure require, unless waived by the court upon motion, that the Appellant reproduce a photograph and attach it to the abstract whenever that photograph must be examined for a clear understanding of the testimony. See Ark. Sup. Ct. R. 4-2(a)(6); *Bunn v. State*, 320 Ark. 516, 898 S.W.2d 450 (1995). It is the Appellant's contention that this is unnecessary in the case at bar as the photographs were throughly described in the transcript and depicted none of the elements related to the charge, but were solely put into evidence to prove

that the Appellant was a poor housekeeper and had unconventional tastes in decor by having a framed picture of a nude woman in a home where children lived.

The appellant refers to a rule of "Appellate Procedure," when he cites to a Rule of the Arkansas Supreme Court. Also, the appellant cites to Rule 4-2(a)(6), indicating that the rule is applicable to including photographs in the abstract. The appellant is mistaken. Rule 4-2(a)(6) explains the requirements for the statement of the case section of appellate briefs. Ark. Sup. Ct. R. 4-2(a)(6) (2002). Nothing in Rule 4-2(a)(6) pertains to photographs.

I point out the error contained in the appellant's brief because the majority, after citing this portion of the appellant's brief, concludes that the "[a]ppellant's contention is well-taken." I raise this issue in the event the majority's statement that the "[a]ppellant's contention is well-taken" might be construed as the majority's agreement with the appellant's assertion that Rule 4-2(a)(6) is the applicable law. 4-2(a)(6), the rule regarding the statement of the case, is immaterial to the points argued in the present case.

While I believe there was trial error in admitting the testimony and photographs, I do not believe there is reversible error. The evidence of guilt in this case was overwhelming. Testimony from the children and their mother, as well as testimony from the doctor who examined M.C., was more than enough evidence to support a guilty verdict on all charges. This court has stated in the past that when the evidence of guilt is overwhelming, slight errors in the introduction of evidence do not constitute reversible error. *Bledsoe v. State*, 344 Ark. 86, 39 S.W.3d 760 (2001); *Kidd v. State*, 330 Ark. 479, 955 S.W.2d 505 (1997). In this case, I believe the error to be harmless and, accordingly, I concur with the majority's decision to affirm.