Cite as 2020 Ark. App. 542

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-20-224

|  |  |
|---|---|
| CORY GIBSON, JR.<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered December 2, 2020<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NOS. 26CR-18-541, 26CR-18-662]<br><br>HONORABLE JOHN HOMER WRIGHT, JUDGE<br><br>AFFIRMED |

## BRANDON J. HARRISON, Judge

Cory Gibson appeals the denial of his motions to transfer his cases to the juvenile division of the circuit court. We affirm the circuit court's denial of the motions.

In a criminal information filed 1 August 2018, sixteen-year-old Gibson was charged with rape and aggravated assault (CR-18-541). The attached affidavit explained that on July 31, officers responded to a report of rape and spoke to the victim outside her residence. The victim, CN, told police that a black male she knows as "Cory" physically assaulted her and raped her in her bedroom. The officers located a black male (Gibson) matching the victim's description nearby, and CN positively identified him as her assailant. CN later told police that she woke up and found Gibson standing next to her bed and masturbating. When she confronted him, he grabbed her by the throat, struck her face with a closed fist, and raped her.

In another criminal information filed 28 September 2018, Gibson was charged with first-degree terroristic threatening (CR–18–662). The accompanying affidavit explained that on September 20, Detective Andrew Wells had spoken to Gibson about bullying another inmate in the juvenile detention center, and Gibson said to Wells, "After court on Monday, no matter if I am being released or not[,] I am going to find you and hurt you until I see blood or hear bones breaking."

Gibson filed motions to transfer his cases to juvenile court. Arkansas Code Annotated section 9-27-318(g) (Repl. 2015) dictates that in deciding a motion to transfer, the circuit court is to consider the following factors:

(1) The seriousness of the alleged offense and whether the protection of society requires prosecution in the criminal division of circuit court;

(2) Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner;

(3) Whether the offense was against a person or property, with greater weight being given to offenses against persons, especially if personal injury resulted;

(4) The culpability of the juvenile, including the level of planning and participation in the alleged offense;

(5) The previous history of the juvenile, including whether the juvenile had been adjudicated a juvenile offender and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence;

(6) The sophistication or maturity of the juvenile as determined by consideration of the juvenile's home, environment, emotional attitude, pattern of living, or desire to be treated as an adult;

(7) Whether there are facilities or programs available to the judge of the juvenile division of circuit court that are likely to rehabilitate the juvenile before the expiration of the juvenile's twenty-first birthday;

(8) Whether the juvenile acted alone or was part of a group in the commission of the alleged offense;

(9) Written reports and other materials relating to the juvenile's mental, physical, educational, and social history; and

(10) Any other factors deemed relevant by the judge.

The circuit court is required to make written findings on all the above factors. Ark. Code Ann. § 9-27-318(h)(1). However, there is no requirement that proof be introduced against the juvenile on each factor, and the circuit court is not obligated to give equal weight to each of these factors in determining whether a case should be transferred. *D.D.R. v. State*, 2012 Ark. App. 329, 420 S.W.3d 494.

The circuit court convened a hearing on Gibson's motions to transfer on 19 November 2018. Kevin Hoffman, chief deputy at the Garland County Juvenile Court, testified that since 2011, Gibson and his family had been the subject of four Family in Need of Services (FINS) cases and two dependency-neglect cases. Gibson had also been charged in four prior juvenile-delinquency cases, although he was adjudicated delinquent in only one case for criminal mischief. Hoffman explained that the juvenile court has several options that are not available in the circuit court: day treatment, residential treatment, acute placement, intensive counseling, house arrest, and commitment to the Ouachita Children's Center. But, he said, "ninety percent of juvenile services disappear if someone is adjudicated for a sex offense." Hoffman said there is one facility in Fayetteville that specializes in problematic sexual behavior in youth; the only other option would be the sex-offender program within the Division of Youth Services (DYS). He also stated that through the

3

FINS and dependency-neglect cases, Gibson had already been given the benefit of several day-treatment programs and a psychological assessment at UAMS.

Frederica Langley, the registrar at Hot Springs High School, testified that Gibson had attended school in the Hot Springs School District off and on since kindergarten. She also said that Gibson had been suspended multiple times for truancy, once for bullying, and once for sexual harassment.

Deputy Andrew Wells testified that on 20 September 2018, he had spoken to Gibson regarding a bullying incident with another resident at the juvenile detention center. According to Wells, Gibson said that after an upcoming court date, "as soon as he got back, whether he was getting out or not that he was going to find me, hurt me, and he wasn't gonna stop until he saw blood or bones breaking."

Finally, Detective Jarrett Cantrell testified that he had responded to the reported rape on July 31 and that the victim had identified Gibson as the perpetrator. Cantrell interviewed Gibson, and he admitted having sex with CN but denied that he had raped her. Gibson initially denied having any sexual contact with CN.

At the close of evidence, the court requested that the parties submit written closing arguments and took the matter under advisement. On 14 January 2019, the circuit court entered a written order purporting to rule on Gibson's motions, but the order addressed a robbery charge instead of the charges with which Gibson had been charged. That same day, the circuit court issued a letter opinion denying Gibson's motions to transfer. The court entered a written order January 16, and Gibson appealed this order. This court remanded the case to the circuit court, however, after determining that the circuit court's

4

order had failed to comply with the statutory requirement for written findings on all the statutory factors. *Gibson v. State*, 2019 Ark. App. 429, 586 S.W.3d 688. In particular, we held that the circuit court's order had failed to make a finding on factor (4), which is the culpability of the juvenile, including the level of planning and participation in the alleged offense. *Id.*

On 7 October 2019, the circuit court entered an amended order and made the following findings:

1. The Defendant was born on June 14, 2002. The alleged offenses occurred on or about July 31, 2018 and September 20, 2018. At the time of the alleged conduct, the Defendant was sixteen (16) years old.

2. The Defendant is charged with Rape, a [Class] Y felony, which is a very serious offense and the protection of society favors prosecution in the criminal division of circuit court[.] The charge of Terroristic Threatening is also a serious offense involving aggressive behavior for which the protection of society would favor prosecution in the criminal division of circuit court.

3. The alleged offense of Rape was committed in an aggressive, violent and premeditated manner; while the Terroristic Threatening appears to be aggressive and violent, it does not appear to be premeditated.

4. The alleged offenses were committed against a person and personal injury resulted from the Rape charge[.]

5. The allegations indicate the Defendant acted alone in the commission of the offenses.

6. The facts as revealed by the current state of the record would indicate that most, if not all, of the planning, participation and culpability is attributable to the Defendant.

7. The evidence presented shows a consistent pattern of criminal and anti-social behavior on the part of the Defendant[.]

8. The Court finds there was no significant evidence concerning the sophistication or maturity of the Defendant.

5

9. The evidence submitted indicated that, in light of the nature of the offense charged and the Defendant's age, there is an extreme lack of appropriate facilities or programs available to the judge of the juvenile division of the circuit court that are likely to rehabilitate the juvenile before the expiration of the juvenile's twenty-first birthday[.]

10. There was some testimony but no written reports and other materials relating to the Defendant's mental, physical, educational, and social history.

11. The Defendant has not presented clear and convincing evidence that these cases should be transferred to the Juvenile Division of Circuit Court and the Motion to Transfer is denied.

Gibson did not file a notice of appeal from this order until 29 January 2020. On 8 April 2020, defense counsel moved for permission to file a belated appeal, which this court granted on April 29. The circuit court's order now complies with the statutory requirements, and we may proceed to the merits of the case.

Under Arkansas law, a prosecuting attorney has discretion to charge a juvenile sixteen years of age or older in the criminal division of the circuit court if the juvenile has engaged in conduct that, if committed by an adult, would be a felony. Ark. Code Ann. § 9-27-318(c)(1) (Repl. 2015). On the motion of the court or any party, the court in which the criminal charges have been filed shall conduct a hearing to determine whether to transfer the case to another division of circuit court having jurisdiction. Ark. Code Ann. § 9-27-318(e). The circuit court shall order the case transferred to another division of circuit court only upon a finding by clear and convincing evidence that the case should be transferred. Ark. Code Ann. § 9-27-318(h)(2). Clear and convincing evidence is that degree of proof that will produce in the trier of fact a firm conviction as to the allegation sought to be established. *McClure v. State*, 328 Ark. 35, 942 S.W.2d 243 (1997). We will not reverse a

circuit court's decision whether to transfer a case unless it is clearly erroneous. *Nichols v. State*, 2015 Ark. App. 397, 466 S.W.3d 431. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Id.* As we have held many times, appellate courts will not reweigh the evidence presented to the circuit court. *See Clem v. State*, 351 Ark. 112, 90 S.W.3d 428 (2002).

Gibson first acknowledges that the case law has held that a juvenile may be tried as an adult solely because of the serious and violent nature of the offense, *see C.B. v. State*, 2012 Ark. 220, 406 S.W.3d 796, but argues that this goes against the statutory intent and provides "the illusion of due process." However, there is no indication that the circuit court in this case relied solely on this factor in making its decision, and regardless, this argument was not made to the circuit court below. *See Pinell v. State*, 364 Ark. 353, 219 S.W.3d 168 (2005) (appellate courts cannot decide an issue for the first time on appeal).

Second, Gibson challenges the evidence supporting five of the statutory factors. On factor (2), which requires the court to consider whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner, he concedes that a forcible-rape allegation would be considered an aggressive and violent offense. But he contends that there was no evidence he entered CN's home by force or used a weapon, and on the terroristic-threatening charge, he argues that there was no evidence that the threat was made after any deliberation on his part.

On factor (5), which requires the court to consider the previous history of the juvenile, Gibson asserts that he had only one previous juvenile adjudication for delinquency

7

for criminal mischief and that he successfully completed probation for that delinquency. On factor (6), which directs the court to consider the juvenile's sophistication or maturity as determined by his home and environment, Gibson notes that his family was involved in multiple FINS and dependency-neglect cases and that he lacked "a consistent guardian which led to an unstable home life[.]"

On factor (7), which considers the facilities or programs available to the juvenile court and the likelihood of rehabilitation, Gibson argues that his case can be designated as an extended-juvenile-jurisdiction case so that, if convicted, the juvenile court can impose a blended sentence, and he can later be sentenced as an adult if he is not rehabilitated. And on factor (9), Gibson states that his school records show that he "has the ability to learn and adhere to court mandated guidelines as evidenced by his passing each grade in school and successfully completing probation."

We hold that Gibson's arguments are meritless and that he is essentially asking this court to reweigh the evidence presented to the circuit court, which we will not do. *Clem*, *supra*. Thus, we affirm the circuit court's decision to deny the motions to transfer.

Affirmed.

GRUBER, C.J., and GLADWIN, J., agree.

*Mark Steven Fraiser*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.