Cite as 2021 Ark. App. 180

# ARKANSAS COURT OF APPEALS
DIVISION III
**No.** CR-20-489

| | |
|---|---|
| ROBERT HURD<br><br>         APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>         APPELLEE | **Opinion Delivered:** April 21, 2021<br><br>APPEAL FROM THE WHITE COUNTY CIRCUIT COURT<br>[NO. 73CR-19-700]<br><br>HONORABLE ROBERT EDWARDS, JUDGE<br><br>AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Robert Hurd appeals a White County Circuit Court order denying his motion to transfer his case to the juvenile division of circuit court. On appeal, he argues that the circuit court erred in denying his motion to transfer. Because the trial court did not clearly err[1] in denying the motion to transfer, we affirm.

Hurd, a juvenile, was charged in the circuit court with two counts of criminal attempt to commit first-degree murder after allegedly firing two firearms at a vehicle. He subsequently filed a motion to transfer his case to juvenile court. The circuit court held a hearing on Hurd's motion, took testimony and received evidence, and entered an order

---

[1]In his brief, Hurd incorrectly argues that the standard of review in juvenile-transfer cases is an abuse-of-discretion standard; instead, our standard in such cases is whether the trial court clearly erred in reaching its decision.

denying Hurd's juvenile-transfer motion. Hurd filed a timely notice of appeal challenging the court's decision.

## I. *Ark. Code Ann. § 9-27-318*

The law concerning juvenile-transfer proceedings is set out in Ark. Code Ann. § 9-27-318. Pursuant to this statute, a prosecuting attorney has the discretion to charge a juvenile sixteen years of age or older in the juvenile or criminal division of the circuit court if the juvenile has allegedly engaged in conduct that, if committed by an adult, would be a felony. *See* Ark. Code Ann. § 9-27-318(c)(1) (Repl. 2020). A juvenile charged as an adult, however, may seek to have the charges transferred.

If a motion to transfer is filed, the court shall conduct a hearing on the motion. Ark. Code Ann. § 9-27-318(e). At the hearing, pursuant to Arkansas Code Annotated section 9-27-318(g), the circuit court shall consider all the following factors:

(1) The seriousness of the alleged offense and whether the protection of society requires prosecution in the criminal division of circuit court;

(2) Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner;

(3) Whether the offense was against a person or property, with greater weight being given to offenses against persons, especially if personal injury resulted;

(4) The culpability of the juvenile, including the level of planning and participation in the alleged offense;

(5) The previous history of the juvenile, including whether the juvenile had been adjudicated a juvenile offender and, if so, whether the offenses were against person or property, and any other previous history of antisocial behavior or patterns of physical violence;

(6) The sophistication or maturity of the juvenile as determined by consideration of the juvenile's home, environment, emotional attitude, pattern of living, or desire to be treated as an adult;

2

(7) Whether there are facilities or programs available to the judge of the juvenile division of circuit court that are likely to rehabilitate the juvenile before the expiration of the juvenile's twenty-first birthday;

(8) Whether the juvenile acted alone or was part of a group in the commission of the alleged offense;

(9) Written reports and other materials relating to the juvenile's mental, physical, educational, and social history; and

(10) Any other factors deemed relevant by the judge.

In deciding a motion to transfer, the circuit court is required to make written findings on all the above factors. Ark. Code Ann. § 9-27-318(h)(1). The court, however, can transfer the case to another division of circuit court only upon a finding by clear and convincing evidence that the case should be transferred. Ark. Code Ann. § 9-27-318(h)(2). Clear and convincing evidence is the degree of proof that will produce in the trier of fact a firm conviction as to the allegation sought to be established. *Neal v. State*, 2010 Ark. App. 744, at 6, 379 S.W.3d 634, 637.

## II. *Background and Procedural History*

Robert Hurd was arrested for allegedly shooting several firearms at a vehicle occupied by his mother and Carl McGahee. McGahee received a resulting non-life-threatening injury to his neck. At the time of arrest, Hurd was in possession of both a 9 mm and a .40-caliber handgun that matched the casings found near the scene of the shooting. On the day of the incident, October 3, 2019, Hurd was seventeen and a half years of age.

Hurd was charged as an adult in the White County Circuit Court with two counts of attempted first-degree murder. He filed a motion to transfer his case to the juvenile division of circuit court. Hurd, as the moving party, bore the burden of proving by clear

3

and convincing evidence that his case should be transferred to the juvenile division of circuit court. *Magana-Galdamez v. State*, 104 Ark. App. 280, 291 S.W.3d 203 (2009).

At the hearing, Hurd presented testimony from multiple witnesses.[2] These witnesses discussed three risk areas identified for Hurd—emotional stability, family, and substance abuse. They also discussed his educational needs and the availability of services for Hurd through the juvenile system.

Emotionally, Hurd was described as a good kid who possessed a positive demeanor and desire to improve his situation. Educationally, Hurd had cognitive and educational difficulties, and from a family background standpoint, Hurd was neglected by his mother and had been in and out of foster care during his life. Regarding substance abuse, there was evidence that Hurd used marijuana daily to self-medicate. Overall, Hurd presented himself as a homeless teenager with a history of substance abuse but a lack of juvenile history. With respect to the availability of services if he were to be placed in the juvenile system, Hurd presented evidence that he would be available for outpatient and inpatient mental-health counseling, cognitive-behavior therapy, and substance-abuse counseling.[3] Hurd argued that these services would rehabilitate him and reintegrate him into the community but would not be available if he were treated as an adult and sentenced to prison. He further argued

---

[2]These witnesses included Amy Light, Amber Fortune, and Karras Smith (employees with the White County juvenile office); Tiffany English (Hurd's high school special-education teacher); Bill Hill (Hurd's GED teacher at the detention center); Brooke Digby (a juvenile ombudsman for the Arkansas Public Defender Commission); Lieutenant David Wilson of the White River Youth Success Center; Sherry McKenzie; and Tissa Summers.

[3]The programs providing such services included "The Fetch," Brother's Keepers, and Christie House.

4

that if the court transferred his case to juvenile court where he received a sentence to DYS (Division of Youth Services) or EJJ (extended juvenile jurisdiction), he would be eligible for six months of after-care services—including transportation to job interviews, counseling services, and mentor programs—and that the juvenile court could retain jurisdiction over him until his twenty-first birthday. Additionally, each witness who testified for Hurd opined that he would benefit from services provided through the juvenile system.

The State also presented testimony from Detectives Greg Mote and Brian Fitts who testified regarding the facts and the seriousness of the underlying charges. From this testimony, the court learned that Hurd had fired upon a vehicle occupied by individuals in a manner that created a potential for great personal injury or death and that he had acted alone in the planning and participation of the alleged offenses. After hearing and weighing all the testimony and evidence, the court entered an order denying the motion to transfer, addressing each of the statutory factors.

III. *Analysis*

On appeal, Hurd challenges the court's findings on several of the factors. Hurd questions the court's conclusion that he is a normal seventeen-year-old with the sophistication and maturity generally attributed to such adolescents. Instead, Hurd argues that the evidence introduced at the hearing showed that he is slow to comprehend, that he was enrolled in special-education classes, and that the court failed to consider Hurd's intellectual disabilities and potential mental-health issues. He further claims that the circuit court failed to address several rehabilitation opportunities that were available, despite the testimony regarding numerous programs that could help rehabilitate him. Rather, he

5

suggests that the court's decision to deny the motion was based on a perceived need to punish Hurd, as evidenced by the court's belief that virtually all juveniles are discharged from DYS custody at age eighteen. Hurd argues that the court was motivated to punish him and simply disregarded the evidence that (1) he had been assessed as high risk due to his results in the substance-abuse, emotional-stability, and family categories;(2) the victim of the alleged act was Hurd's mother, who had neglected and abused him throughout his childhood; and (3) no one was actually injured in the incident.[4]

We do not find the arguments on appeal persuasive. We will not reverse a circuit court's determination whether to transfer a case unless that decision is clearly erroneous. *M.R.W. v. State*, 2012 Ark. App. 591, 424 S.W.3d 355. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been committed. *Id.* For the most part, counsel for Hurd simply paints a different picture than the one accepted by the circuit court and is essentially asking this court to reweigh the evidence. As we have held many times, appellate courts will not reweigh the evidence presented to the circuit court. *See Clem v. State*, 351 Ark. 112, 90 S.W.3d 428 (2002).

Here, the circuit court considered all the evidence; it did just not weigh it as Hurd desires. The circuit court considered Hurd's mental-health history and concluded that he had not been diagnosed with ADHD, depression, bipolar disorder, or any other mental-health issues. Likewise, while the court did not specifically address the rehabilitative

---

[4]This claim is erroneous because the record indicates that the other victim, Carl McGahee, had an injury to his neck.

programs identified by counsel, the court did express its belief that the programs described in the testimony could not rehabilitate Hurd before the expiration of his twenty-first birthday. In so finding, the court noted Hurd's age and the intentional and violent nature of the acts he is alleged to have committed. A juvenile may be tried as an adult solely because of the serious and violent nature of the offense. *C.B. v. State*, 2012 Ark. 220, 406 S.W.3d 796; *Lewis v. State*, 2020 Ark. App. 123, 596 S.W.3d 43. Thus, we are not left with a firm conviction that a mistake was committed and affirm the circuit court's decision to deny the motions to transfer.

Affirmed.

KLAPPENBACH and VAUGHT, JJ., agree.

*Jeremy D. Wann*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.